12 So.2d 103

## SHELTON v. STATE OF TENNESSEE ex rel. STATE OF ALABAMA.

### 8 Div. 300.

Court of Appeals of Alabama.

Feb. 16, 1943.

Thos. S. Woodroof and Jas. H. McCoy, Jr., both of Athens, for appellant.

Wm. N. McQueen, Atty. Gen., Chas. T. Houston, of Nashville, Tenn., and Geo. C. Johnson, of Athens, for appellee.

60

RICE, Judge.

We have a statute, the pertinent part of which reads as follows, to-wit: "Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the * * * court of appeals; and when, on habeas corpus, any person held in custody * * * for extradition as a fugitive from justice from any other state, is discharged from said custody * * * the solicitor or other prosecuting officer or attorney may take an appeal on behalf of the state to the * * * court of appeals, and in all such cases the judgment must be suspended pending the appeal; * * * but the appellate court shall consider the case on the record and the evidence as set forth, and if the judgment of the trial court is correct, the case shall be affirmed; if erroneous, the appellate court shall render such judgment as the trial court should have rendered." Code 1940, Tit. 15, § 369.

The appellant, here, was originally taken into custody by the Sheriff of Limestone County under an extradition warrant issued by the Governor of Alabama at the due behest of the Governor of Tennessee.

He claimed that the said warrant was invalid; so petitioned the Hon. A. M. McConnell, as Probate Judge of Limestone County, for the writ of habeas corpus, to obtain his release.

The said Probate Judge agreed with him; and entered an order discharging him from the custody of said Sheriff.

The State took an appeal from said order —thereby suspending it—and, here, where said appeal arrived, it was adjudged that the Probate Judge was in error; that the said Governor's Extradition Warrant was not invalid, but sufficient for its purposes; and that the order entered by the Probate Judge discharging the petitioner, the present appellant, should be reversed, and the cause remanded for further proceedings in conformity with the opinion of this Court. See State v. Shelton, 30 Ala.App. 484, 8 So.2d 216.

It might be noted that appellant, then the petitioner, rested his claim for release in the proceedings referred to above, upon the sole ground of the insufficiency of the Governor's Extradition Warrant.

That ground being found of no merit, it was the opinion of this court that the cause should be remanded, in order that petitioner, now appellant, might have an opportunity to introduce such testimony as he might have refuting the charge that he was a fugitive from justice.

But he evidently had none. For, when the case was once more on the docket of the Probate Judge, he refused, on citation, to appear and offer same.

Rather, he ignored said citation, and had his counsel appear before the Probate Judge to contend that Hon. A. M. McConnell, as Probate Judge of Limestone County, had no further jurisdiction in the premises.

Said Probate Judge ignored said contention; and, after duly citing petitioner, now appellant, to appear before him, proceeded, in petitioner's absence, to enter a decree, the pertinent part of which we quote, to-wit: "It is further ordered, adjudged and decreed that the petition for the writ of habeas corpus be and the same is hereby dismissed and the Sheriff of Limestone County, Alabama, is directed to take petitioner into his custody and to deliver said petitioner into the custody of the duly authorized agent of the State of Tennessee for return to said State as commanded by the executive warrant issued by the Governor of the State of Alabama."

Upon this decree, the Sheriff of Limestone County, who all the while had in his possession the Extradition Warrant originally issued by the Governor of Alabama, took petitioner, now appellant, into his custody, and so held him at the time of the filing of the petition for the writ of habeas corpus giving rise to this appeal.

Appellant presented his petition for the writ of habeas corpus to the Hon. S. H. Lynne, as Judge of the 8th Judicial Circuit of Alabama, alleging that he was unlawfully restrained of his liberty by Martin F. Whitt, Sheriff of Limestone County, Alabama.

Upon the hearing, said Judge was of opinion that petitioner (appellant herein) was not unlawfully restrained of his liberty but was in the custody of said Sheriff under due legal process, and that the petition should, therefore, be dismissed and the writ discharged. From this judgment, the appellant has perfected his appeal to this court.

Appellant first contends that there was error in refusing to strike the answer to the writ, below, because whereas the same was directed to the Sheriff of the County, the "return," or answer, was made for the Sheriff, by the Chief Deputy Sheriff.

It was shown without dispute that the Sheriff was away from the County, sick, in a hospital. And that all of his business, including the custody of petitioner, was in the hands of, and being attended to by, the said Chief Deputy.

We entertain no doubt that, in the absence of the Sheriff, the "return" may be made for him by his Chief Deputy having the prisoner in charge. In legal contemplation, the Chief Deputy Sheriff acts in the place and stead of the Sheriff, and he and the Sheriff are one insofar as third persons are concerned. A deputy sheriff has power to perform any ministerial duties appertaining to the office of the Sheriff, and, therefore, it is the duty of the Chief Deputy Sheriff to make return of process issued to the Sheriff—the Sheriff being absent and unavailable. Code 1940, Tit. 54, § 3; Rogers v. Carroll, 111 Ala. 610, 20 So. 602; 57 C.J. 776, § 127.

We will observe that while we would have been happier had we, specifically, adjudged, upon the appeal brought in this case by the State, supra (8 So.2d 216 [1]), that petitioner (appellee, there, appellant, here), be delivered "into the custody of Gordon Topp, the duly authorized agent of the State of Tennessee," as commanded in the Governor's Extradition Warrant which we there held valid, yet what we did adjudge, in view of appellant's refusal to avail himself of the opportunity to "offer evidence" which we proffered by our judgment, amounted to just that. And he certainly will not here be heard to complain.

But aside from the above, the Sheriff's return to the writ of habeas corpus, here, discloses that he was holding appellant not alone on the decree rendered by the Probate Judge in conformity to the opinion and command of this Court, but also on the Governor's Extradition Warrant which we held valid on the former appeal. See Annotation 5 A.L.R. 1156, especially State ex rel. Bond v. Langum, 1917, 135 Minn. 320, 160 N.W. 858, 859, from the opinion in which we quote as follows, to-wit: "that relator [appellant here, who was petitioner, appellee in the former appeal] has been wrongfully discharged from the custody of respondent [appellant, in the former appeal] does not prevent the latter from again apprehending him under the warrant already in his hands," citing Haddox v. Richardson, 4 Cir., 168 F. 635, 94 C.C.A. 99. And we adopt the quoted language as expressing our views.

Then, to sum up, we hold that the judgment of the Hon. A. M. McConnell as Probate Judge of Limestone County, discharging petitioner, from which an appeal was taken by the State to this Court (30 Ala.App. 484, 8 So.2d 216), was suspended

by said appeal. And that, the same being here reversed, it never became operative.

The judgment here on former appeal being that the cause be remanded to the place whence it came "for further proceedings" in conformity with our said opinion, said judgment was exactly that that should have been the judgment of the Hon. A. M. McConnell, as Probate Judge of Limestone County, without our said opinion. Hence it is our view that our judgment did, in essence, certainly, comply with the terms of the statute quoted at the beginning of this opinion.

And the Probate Judge had the right, and it was his duty, to—appellant refusing to avail himself of the opportunity offered of presenting testimony—order appellant taken in charge by the Sheriff of Limestone County, for delivery to the proper officer of the State of Tennessee.

But, if we are in error as to the above, it is yet our view that appellant, being held under the Governor's Extradition Warrant which we held valid on former appeal, is not entitled to his discharge.

So the judgment appealed from is affirmed.

Affirmed.

