Possession of Diazepam; sentence, two years imprisonment, five years probation, $500 fine.
During the early morning hours of November 23, 1981, Mobile Police Officer Robert Osborne, assisted by officers from the Mobile and Prichard police departments, executed a search warrant at appellant's residence in Prichard. The warrant authorized them to search for marijuana. In addition to finding marijuana, they found five valium tablets in appellant's purse which contained diazepam.
 I
The sole issue on appeal concerns the execution of the search warrant. Appellant maintains that there was no officer present at the search who had the authority to execute the warrant under §§ 15-5-7 and 15-5-1, Code of Alabama 1975, and therefore the trial court erred in denying her motion to suppress. The validity of the search warrant, which was directed to the sheriff of Mobile County, is not contested in any way.
The Mobile police officers who participated in this search testified that, prior to the search, they had been sworn in as deputy sheriffs by Mobile County Sheriff Thomas J. Purvis. Appellant contends that they still lacked the authority to execute the warrant because they were not regular deputies under the control and supervision of the sheriff. To support this, she relies on the testimony of Mobile County Personnel Director Bernard Richardson who stated that police officers are under the supervision of the police department while deputy sheriffs are under the supervision of the sheriff's department. Richardson also testified that, under the Mobile County merit system, an officer cannot be employed by both the police department and the sheriff's department.
Simply because an officer cannot be paid as both a deputy sheriff and a municipal police officer, it does not follow that a municipal officer cannot perform the duties of a deputy sheriff. In fact, Richardson stated that a Mobile police officer could be sworn in as a deputy sheriff. We see no reason why a police officer who has been duly deputized cannot validly execute a search warrant.
Each of the Mobile police officers present during the search had taken the following oath:
 "I, . . ., solemnly swear (or affirm, as the case may be) that I will support the Constitution of the United States, and the Constitution of the State of Alabama, so long as I continue a citizen thereof; and that I will faithfully and honestly discharge the duties of the office upon which I am about to enter, to the best of my ability. So help me God." (Emphasis added). Ala. Const. art. XVI, § 279.
The general duties of the sheriff are enumerated in §36-22-3, Code of Alabama 1975. Included is a duty "to ferret out crime, to apprehend and arrest criminals, and . . . to secure evidence of crime. . . ." Ala. Code § 36-22-3 (4) (1975). Sheriffs are also directed to execute search warrants. Ala. Code §§ 36-22-3 (1); 15-5-1 (1975). In taking the oath of deputy sheriff these officers swore to perform these duties for a deputy acts in the place and stead of the sheriff. Shelton v.State of Tennessee ex rel. State of Alabama, 31 Ala. App. 58, *Page 517 12 So.2d 103 (1943); 70 Am.Jur.2d Sheriffs, Police, and Constables
§ 2 (1973). We do not think the solemnity of such an oath is something to be taken lightly or ignored altogether. The mere fact that the officers had not filed a written copy of this oath in compliance with § 36-4-5, Code of Alabama 1975, or posted a bond will not automatically preclude them from deputy status. See Malone v. State, 406 So.2d 1060 (Ala.Crim.App.), cert. denied, 406 So.2d 1066 (Ala. 1981).
Moreover, Officer Robert Osborne, who applied for and obtained the warrant, had worked in conjunction with the sheriff's department since being sworn in as a deputy sheriff. He testified that he and Officer Jimmy Wyatt of the sheriff's department's narcotic unit, had "worked relatively close together on a lot of occasions." Although Rasy Smith, another Mobile police officer, participating in the search, testified that the sheriff's department had nothing to do with this case, Osborne stated that he may have discussed the case with Wyatt.
Under the circumstances involved we cannot say that these officers simply were not deputy sheriffs. Having taken an oath as deputies and Osborne, at least, having worked closely in the past with members of the sheriff's department, we hold that the execution of this warrant was proper.
For the reasons stated above, the judgment of conviction by the Mobile Circuit Court is hereby affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and BARRON, JJ., concur.
BOWEN, J., dissents.