Appellant Tina Darlene Walls was indicted for possession of marijuana and possession of cocaine. Each of these offenses is proscribed by § 20-2-70, Code of Alabama 1975. Appellant made motions to suppress evidence which was seized from her home pursuant to a search warrant. After taking testimony and hearing counsel's legal arguments on November 2, 6, and 20, 1987, the trial judge denied these motions to suppress. On the same day the motions were denied, the trial judge found appellant guilty as charged. He then sentenced appellant to seven years, two years to be served in the penitentiary and five years on probation.
The affidavit for the search warrant stated:
 "I am Corporal Sam Cochran of the Mobile Police Department Narcotic Section. I recently received information from a confidential source that the persons residing at 6424 Gaslight Lane North in the Carriage Hills subdivision of Mobile were possibly engaged in trafficking in controlled substances. Based on this information, I conducted an investigation in regards to the occupants, and as to persons coming to and from the residence. Surveillance of this residence on numerous occasions revealed several vehicles, more than a dozen, with out of town plates coming to this residence and only staying for short periods of time, not normal periods as usually associated with out of town guests. Investigation also determined the female resident, Tina M. Walls to be unemployed. The investigation failed to reveal any occupation for Perry W. Davis believed to be the male resident. Based on these facts and as part of the continuing investigation, on May 12, 1986, myself and Corporal T. Hicks of the Mobile Police Department Narcotic Section retrieved two garbage bags from the neutral ground in front of the residence at 6424 Gaslight Lane North. We searched through these bags which had been tied at the tops. Resulting from this search were several items of mail addressed to 6424 Gaslight Lane North and also several green stalks, two handrolled cigarette butts, and some plastic baggies with the corners torn off.
 "I submitted these items to the Police Department Crime Laboratory on May 13, 1986, and on this same date I received verbal confirmation from Ms. Darlene Lafitte, Crime Laboratory Technician, that, the stalks and butts tested positive for Marihuana.
 "Based on my experience as a Narcotics officer, I am aware that stalks and stems such as those recovered are normally discarded by persons who are 'breaking up' or separating Marihuana for sale and/or use.
 "For above stated reasons I request that search warrant be issued."
A Mobile County district judge then issued the search warrant. Officer Cochran, other police officers, and ABI agents searched appellant's home. They found several plastic baggies containing white powder believed to be cocaine, a "coke" sifter, a brass mirror, several straws, and a razor with white powder residue. They found several bags of a green plant material believed to be marijuana, several "roach clips," assorted hand rolling papers, and other drug related items. Subsequent testing established that the material seized was indeed cocaine and marijuana. They also found several thousand dollars in cash and twenty-five guns. Appellant, her boyfriend, and her boyfriend's brother were read their Miranda rights and arrested. As the law enforcement officers located the items, appellant Walls would voluntarily state that each item was hers.
 I
Walls now contends that the search warrant was issued without sufficient probable cause. She argues that the officers "could not tell where [the garbage] came from and whose garbage it was," and that there was therefore insufficient probable cause to issue *Page 139 
the search warrant. Appellant's allegation is factually incorrect. The affidavit states that there were several items of mail addressed to appellant's residence found in the garbage. The garbage bags were also located in front of appellant's residence. The officers reasonably believed that this was Wall's garbage.
Under the "totality of the circumstances" test ofIllinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983), the district judge could have found, and did find, ample grounds to issue a search warrant. The confidential tip, the surveillance which revealed frequent and short out-of-town visits from many different people, the unemployed status of all of the residents of appellant's household, and the marijuana stems found in the garbage, when taken together, certainly provide common sense information of a substantial character from which the district judge could have found probable cause. Thus, the district judge correctly issued the search warrant. The trial judge, then, did not err by denying appellant's motion to suppress on this basis.
We note that the search of appellant's garbage did not violate a proprietary interest in it. See, e.g., California v.Greenwood and Van Houten, ___ U.S. ___, 108 S.Ct. 1625,100 L.Ed.2d 30 (1988).
 II
Appellant also argues that the search was not done by a sheriff, in violation of §§ 15-5-5, -6 and -7, Code of Alabama 1975, and was therefore invalid. These Code sections require that a warrant be "directed to the sheriff or to any constable of the county." § 15-5-5. It then must be executed by one of the officers to whom it is directed. § 15-5-7. The issuance and execution of the warrant must strictly comply with the language of the Code. United States v. Martin, 600 F.2d 1175 (5th Cir. 1979). If the warrant is not directed to a county official, as required, evidence found in the search must be suppressed.Rivers v. State, 406 So.2d 1021 (Ala.Cr.App.), cert. denied,406 So.2d 1023 (Ala. 1981).
Walls contends that Corporal Cochran, a member of the Mobile Police Department, is not a "sheriff or any constable of the county" within the meaning of § 15-5-5. Appellant admits that Officer Cochran was legally and timely deputized by the sheriff, a fairly common practice. She argues that he was deputized only for the purpose of getting around the technicalities of the Code. Appellant states that Officer Cochran is employed by the Mobile Police Department and not by the sheriff. Appellant, therefore, argues that Officer Cochran is not a valid deputy sheriff. However, simply because an officer cannot be paid as both a deputy sheriff and a municipal police officer does not prohibit the officer from performing the duties of a deputy sheriff. Walden v. State, 426 So.2d 515
(Ala.Cr.App. 1982). Officer Cochran was duly sworn in as a deputy sheriff. The statutes were therefore obeyed. The execution of the warrant by Officer Cochran in his capacity as a deputy sheriff was lawful. The trial court correctly denied appellant's motion to suppress.
AFFIRMED.
All the Judges concur.