243 So.2d 756

**Willie Stean LUCY**

v.

**STATE.**

**1 Div. 60.**

Court of Criminal Appeals of Alabama.

Sept. 15, 1970.

Rehearing Denied Oct. 6, 1970.

Thomas M. Haas, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Possession of marijuana, sentence five years.

I

Armed with a warrant to search (day or night) the premises of 409½ N. Conception Street in Mobile for barbiturates, police officers found appellant in a bedroom. Various containers of marijuana were in the room.

No proof was made as to the size of the room. However, one officer testified (R. 42) as to finding match boxes which held marijuana by the television about six feet from the appellant. There were others in a paper bag on the floor. In the kitchen an officer described a smoking tobacco tin which held marijuana leaves. Marijuana leaves were found in appellant's pocketbook.

In a chifforobe and in a dresser another officer found letters and papers bearing the appellant's name. This proof was relevant on the issue of whether or not the bedroom was appellant's and, consequently, her control of its contents.

The only other occupant of the apartment at the time of the search was Ernest Scott from whom an undercover officer had earlier bought four red capsules of a barbiturate. This transaction was the basis for getting the search warrant.

We note that in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, the warrant was for Chimel's arrest, i. e., the seizure of his person. The last sentence of the second paragraph says, "No search warrant had been issued." We assume that this distinction denotes a difference.

We find no problem here because (1) the officers had a warrant for the search and seizure of barbiturates which in their dry form are usually compounded in either tablet or capsule form, (2) ferreting out barbiturates would seem to require as much thoroughness both as to hiding place and object size as would be required to find marijuana.

The search of instant concern was reasonable and supported by a valid warrant.

## II

Tadlock v. State, 45 Ala.App. 246, 228 So. 859 is not pertinent. The indictment here followed Code 1940, T. 22, § 256. The amendment of August 29, 1969 does not affect this case except as to the power of the trial judge to have given less than the former five-year minimum sentence.

Under former § 258 of T. 22, the acts proscribed by § 256, supra, bear the same punishment, except that § 258 provided also for higher penalties for repeaters and peddlers to children. No allegation of either of these exceptions appears in the instant indictment.

The judgment below is due to be

Affirmed.