275 So.2d 353

**Larry SHEPPARD**

**v.**

**STATE.**

**I Div. 294.**

Court of Criminal Appeals of Alabama.

March 20, 1973.

William J. Baxley, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

Delano J. Palughi, Mobile, for appellant.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was convicted of robbery and sentenced to 15 years imprisonment, from which judgment of the court he appeals.

The State's testimony tended to show that the prosecuting witness, Herman Bates, was in his home, in one of the bedrooms watching television on the night of August 30, 1971, when two men appeared, wrapped in some sort of material similar to bed sheeting with what appeared to be pillow slips over their heads with eyeholes for them to see through; one was armed with a knife, the other with what appeared to be either a sawed-off rifle, or small bore shotgun. The prosecuting witness testified that they demanded his money and threatened to blow a hole through him unless he gave them what money he had; he turned over to them $426.00. The daughter of the State's witness, who lived with him in his home, was away at a store when the intruders entered the house but came in with a girl friend during the course of the robbery. He was forced to tie his daughter and her girl friend up and then

he was tied up with strips torn from a bed sheet, after which the alleged robbers left his home.

The appellant shortly after he was arrested gave the officers two statements, the first of which was in substance an alibi wherein he denied guilt and claimed to have been hitchhiking to Montgomery and some other place on the date of the robbery. The second statement was in substance a confession of guilt. He testified at the trial and denied his guilt and also repudiated his confession, claiming it was the result of inducements, threats, and offers of reward.

Shortly after the robbery, the home of the appellant was searched under a warrant issued by a magistrate based upon an affidavit, both of which appear below. The search was for the purpose of discovery of narcotics. In the course of the search one of the officers discovered a gun, a sawed-off .22 rifle, under a cushion of a chair in the living room of appellant's home. Upon the trial of the case at bar the rifle was introduced as plaintiff's Exhibit #1 and the witness, Margaret Bates, and her father testified that it appeared to be the rifle used in the robbery.

The appellant, on voir dire examination (out of the presence of the jury), objected to both the affidavit and search warrant, and rifle, and now argues strenuously that the court erred in admitting these exhibits into evidence.

The affidavit and search warrant, offered for identification purposes on trial were never strictly offered in evidence. However, the trial court did examine these exhibits, holding them to have been legally executed and a proper basis for his further ruling that the gun (sawed-off .22 rifle) found in the search could be introduced into evidence. See Taylor v. State, 249 Ala. 130, 30 So.2d 256(7); Arrick v. Fanning, 35 Ala.App. 409, 47 So.2d 708(7); Long v. State, 39 Ala.App. 384, 101 So.2d 94(2); Freeman v. State, 46 Ala.App. 640, 247 So.2d 682(1).

These instruments are now before the court as a part of the record, as follows:

"AFFIDAVIT FOR SEARCH WARRANT

"STATE OF ALABAMA,
COUNTY OF MOBILE,
CITY OF PRICHARD.

DOCKET NO. _____

CASE NO. _____

"Before me, B. C. Sanders, Judge of the City of Prichard, Alabama, personally appeared G. E. Robinson who being duly sworn deposes and says: That he has reason to believe that on the premises known as 128 W. Petain the owner of which is unk [sic: unknown] in the City of Prichard, Alabama, there is now being concealed, kept, stored, or offered for sale, contrary to law, certain property, namely: (here describe property), or untaxed, _____, or Marijuana and other Narcotic which are (here give alledged [sic] grounds for search and seizure), contrary to law, Contraband and illegal to Possess. And that the facts tending to establish the foregoing grounds for issuance of a Search warrant are as follows: Having received information from a Reliable informer that I have used in the past and have made convictions on his information, that in the past (3) three days he has seen marijuana at the above named address. He stated he saw a bag full at the time and also pills that were represented to be narcotics.

G. E. Robinson
Signature of affiant

"Sworn to before me, and subscribed in my presence this 7th day of Sept., 1971.

B. C. Sanders
Judge of the City of Prichard

"CP Form 6300–26"

"WARRANT

"STATE OF ALABAMA
COUNTY OF MOBILE
CITY OF PRICHARD.

"To the Chief of Police or other lawful officer:

Proof by affidavit having this day been made before me, B. C. Sanders, Judge of the City of Prichard, that there is probable cause for believing that there is stored, kept or offered for sale, contrary to law, Marijuana, and other Narcotic Drugs on the premises at 128 W. Petain St., in the City of Prichard, Ala. or police jurisdiction, the owner of which is unk [sic: unknown] or is otherwise unknown to and a more specific description of which is unknown to affiant, G. E. Robinson, you are therefore commanded any time in the day to make immediate search of the premises at 128 W. Petain in the City of Prichard, Ala., or Police Jurisdiction, the owner of which is unk [sic: unknown] or otherwise unknown, for the following property: or other property, stored, kept or offered for sale, contrary to law, a more specific description of which is unknown to affiant, G. E. Robinson, and if you find the same

or any part thereof, bring it forthwith to me at the Police Station of the City of Prichard.

"Witness my hand this 7th day of Sept. 1971.

B. C. Sanders
_____
B. C. Sanders, Judge of the City of Prichard"

| "STATE OF ALABAMA COUNTY OF MOBILE CITY OF PRICHARD | Return to Court |
|---|---|
| | Conficated [sic] the following items |
| | 2 bags of plant material that appeared to be marijuana |
| SEARCH WARRANT | 2 Treasury checks made to Alfred & Beatric Williams |
| | 1 22 cal. sawed off pistol |
| | 1 Gold Timex watch |
| | 2 Spoons |
| | 1 Bottle with white & Green capsule |
| Executed: | 1 bottle of Tablet. Pres. to George Pendarvis |
| Date Sept. 7th, 1971 | 1 bottle of White liquid |
| G. E. Robinson Officer | 1 book of checks, Rev. Charles K. Crowder, 1123 Janie Ave." |

The rule is that the issuing magistrate must have sufficient evidence to support a finding of probable cause. We hold the affidavit was sufficient on its face to support such a finding. Clenney v. State, 281 Ala. 9, 198 So.2d 293; Davis v. State, 286 Ala. 117, 237 So.2d 640.

The warrant was substantially in proper form. No error appears in the rulings of the court in this respect.

Officer Robinson who also participated in the search testified as to remembering the rifle from having worked with Detective Pierce "on that", presumably referring to the robbery of instant concern.

The officers acting under a valid warrant had the right to make a thorough search of the rooms in appellant's house and furniture. Lucy v. State, 46 Ala. App. 484, 243 So.2d 756. If during a lawful search under a warrant the police, searching *in the manner authorized,* find evidence of another offense not related to the crime for which the warrant was issued, it may nevertheless be lawfully seized. Lucy v. State, supra.

We conclude that no error appears in the introduction, over timely objections, of the gun into evidence.

The appellant insists in brief that the court erred to reversal in allowing the introduction into evidence over objection of the waiver and confession of appellant.

The court, out of the presence of the jury, on voir dire examination of the knowledgeable witnesses allowed both the State and appellant full opportunity to develop the circumstances surrounding the waiver and confession, which they did by direct and cross-examination in order to determine the voluntariness of the confession and waiver and whether appellant's constitutional rights had been violated. Appellant on more than one occasion had been given the *Miranda* warnings.

"The settled rule of this court is, that all extra-judicial confessions are *prima facie* involuntary, and they can be rendered admissible only by showing that they are voluntary and not constrained—or, in other words, free from the influence of *fear* and *hope,* applied to the prisoner's mind by a third person. The true test is whether, under all the surrounding circumstances, they have been induced by a threat or a promise, expressed or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor. If so, whether true or false, such confessions must be excluded from the consideration of the jury as having been procured by undue influence. Redd v. State, 69 Ala. 255, 259." Womack v. State, 281 Ala. 499, 205 So.2d 579.

For a confession to be receivable into evidence, it must first be shown to the satisfaction of the court by the prosecution that it was voluntarily made. Womack v. State, supra.

It has been further held that where evidence of the circumstances surrounding a confession is conflicting on voir dire, the trial court must decide on its admissibility and then, if the confession is

admitted, controverted testimony for defendant goes to the jury on its credibility. Vernon v. State, 239 Ala. 593, 196 So. 96.

After hearing the testimony offered by both the State and appellant on voir dire the court held the waiver and confession, admittedly executed by appellant, to be admissible. This ruling was not erroneous.

In brief appellant argues that one of the investigating officers, Detective Robinson, represented to appellant that if he would confess to the alleged robbery, the charges against his wife and sister of possession of narcotics would be nol prossed and his wife would be released from jail. At the time she was admittedly pregnant with a likelihood that her baby would be born in jail if she remained there long. Testimony to this effect was offered by the appellant on the hearing referred to above and denied by the officers in question. Both officers, Robinson and Pierce, who were involved in the investigation denied these accusations, which made a question of fact for the court to decide. This question was, under the ruling of the court, decided adversely to the appellant.

During cross-examination of Detective Pierce by appellant the record shows the following:

"Q. Did you ask these young men to help you get Margaret Bates?

"A. I asked if they had any information that I could use.

"Q. Against Margaret Bates?

"A. Yes, sir.

"Q. How did you make the request of them?

"A. What do you mean, how?

"Q. In what words?

"A. I said that I had reason to believe that Margaret may have set the robbery up and I just wondered if they had any information that might help me to uncover some-

thing that would lead to her arrest.

"Q. Did you also tell them that if Mr. Bates knew that his daughter was involved that he would probably not file charges?

"MR. GRADDICK: Objection.

"THE COURT: Sustained.

"MR. PALUGHI: Judge, if that's not an offer of reward.

"THE COURT: I've been under the impression for a long time that whether or not a felony is prosecuted depended upon a Grand Jury and Judges and things like that, not on individuals.

"MR. PALUGHI: But Judge, with all due respect, someone has to appear before the Grand Jury to present his or her complaint and if the victim chooses not to.

"THE COURT: I don't agree with you. Sustain the objection.

"MR. PALUGHI: Except."

■ In our opinion the court committed error in sustaining the objection. Womack v. State, supra.

It is not a question as to whether the implied promise or hope of reward can be effectuated by the officers making a promise or suggestion, but of what the appellant thought and what effect it had on him in regard to the confession. The question is not the intent of the officers in making the statements, but the effect of the statements on the defendant's state of mind at the time of his confession.

However, Detective Pierce denied on further examination making any promise, inducement, or holding out any reward to the appellant. Moreover, appellant while testifying on direct or cross-examination made no reference to any statement made by the detective in substance similar to the question to which objection was sustained. Fur-

ther, the court carefully questioned appellant when he testified in regard to the voluntary character of his confession and his understanding of the waiver of his rights executed by him before the confession was made.

Under the circumstances we think the error committed by the court did not affect the substantial rights of appellant. Supreme Court Rule 45.

We have carefully considered the matters alluded to in brief by appellant and in addition thereto, have searched the record for error as is our duty under Title 15, § 389, Code 1940. Finding no error of a reversible nature the judgment below is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.