344 So.2d 1249 (1977)
Napolean COLEMAN
v.
STATE.
6 Div. 240.
Court of Criminal Appeals of Alabama.
March 8, 1977.
Rehearing Denied April 19, 1977.
*1250 Hiram Dodd and J. Louis Wilkinson, Birmingham, for appellant.
William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for the State.
BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was convicted of possessing prohibited narcotics. Title 22, § 258(25) et seq. Supplement 6, 1958 Recompiled Code. The court sentenced him to four years imprisonment to run concurrently with prior sentence of two years for which he was on probation, which the court revoked.
The drugs listed in the indictment, six in number, are: heroin, cocaine, codeine, opium, marihuana, and secobarbital. The possession of such drugs is a felony. Title 22, § 258(47). But the possession of marihuana for personal use is a misdemeanor, otherwise, it is a felony. Title 22, § 258(47), supra.

I
Appellant, an indigent, asserts that his demurrer to the indictment should have been sustained instead of being overruled as was the case. He contends that ground six of the demurrer has merit. This ground reads:
"For that the indictment improperly charges the Defendant with a misdemeanor and a felony in the same indictment."
It is to be noted that possession of marihuana for personal use (Title 22, § 258(47)) only is a misdemeanor offense embraced in a felony charge of possession of marihuana. This inclusion is by operation of law. Haynes v. State, 54 Ala.App. 714, 312 So.2d 406, cert. denied 294 Ala. 758, 312 So.2d 414.
Charge of murder includes assault with intent to murder. Thomas v. State, 125 Ala. 45, 27 So. 920. Letcher v. State, 145 Ala. 669, 39 So. 922. Assault and battery with a weapon is included in a charge of assault with intent to murder; also in manslaughter, includes assault and battery. Beason v. State, 5 Ala.App. 103, 59 So. 712. For other inclusions see Alabama Digest, Vol. 12, Indictment & Information 191(4)(5)(8)(9)(10).
Felonies and misdemeanors cannot be joined in the same indictment, let alone in the same count. Pryor v. State, 48 Ala.App. 465, 265 So.2d 907; James v. State, 104 Ala. 20, 16 So. 94; Brandies v. State, 44 Ala.App. 648, 240 So.2d 404.
We hold that this rule against joinder (a felony and a misdemeanor) has no application to an indictment when the charge embraces a misdemeanor by operation of law as here involved. To hold otherwise would entail much difficulty, if not an impossibility, in framing an indictment for felonies so as to exclude the lesser offense embraced by such operation. The demurrer was properly overruled.
However, we do quote briefly the trial court's oral charge on the subject:

*1251 "Now it is the law of the State of Alabama that if anyone possessing marijuana for his personal use, for his own personal use, that is as opposed to possessing it for the purpose of selling it or for the purpose of giving it away or for the purpose of sharing it with other people, either giving it away or selling it, that is to smoke himself, then that is a misdemeanor. So if you believe from the evidence beyond a reasonable doubt that the only item, the only substance of these six named that this Defendant possessed or constructively possessed was marijuana, and you further believe that marijuana was possessed and held for his own personal use, personal use, that is as opposed to selling it to someone or giving it away to someone, then the form of the verdict would be, we the jury find the Defendant guilty of possession of marijuana for his personal use. Now that verdict would only be returned, ladies and gentlemen, if you believe that were the only substance in this case that this Defendant was in possession of.
"If you are convinced beyond a reasonable doubt, ladies and gentlemen, that this Defendant possessed any of the other items in this indictment, that is either the heroin, the cocaine, the opium, the secobarbital and the codeine, if you are convinced beyond a reasonable doubt that the Defendant possessed any of those items, any of them, or marijuana for other than his personal use, that is for sale or for dissemination to other people, then the form of your verdict would be, we, the jury, find the Defendant guilty of violation of the Uniform Controlled Substances Act as charged in the indictment.
. . ."
See also Palmer v. State, 54 Ala.App. 707, 312 So.2d 399.

II
Appellant insists that there is no evidence to show, in addition to constructive possession, that he knew the drugs were in the house. He cites Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520, from which he quotes:
"The well established rule in cases involving possession of prohibited liquors is that where actual manucaption is not shown and constructive possession is relied upon, the state must show beyond a reasonable doubt, in addition to the constructive possession, that the accused knew of the presence of the prohibited beverages.. . . The rules of evidence in a prosecution for possession of marijuana are the same as those applicable in every other criminal case." (Citations omitted.)
We think there was sufficient evidence from which the jury could infer such knowledge:
(a) When the officers arrived to make the search and entered the front door, they found defendant sitting in the living room sans clothing or garments of any kind. Such appearance indicated relaxation and comfort that occasionally one enjoys in his own house which he occupies, but is contrary to the opportunity afforded a guest or a co-tenant. There is no evidence that anyone else occupied the house or that defendant shared it with another.
(b) The officers also seized a letter addressed to the accused at the address when the search was made. This was relevant evidence to show that accused lived there. Lucy v. State, 46 Ala.App. 484, 243 So.2d 756.
(c) One of the officers testified that another officer went into a bedroom and got some clothes for defendant before they left the apartment and that defendant put them on. This officer testified that defendant asked for his clothing to put on. Later he testified that he did not remember his exact words.
(d) It appears from the evidence there were two bedrooms in the house. Officer Price searched one bedroom and Officer Sims the other. Each officer found items in the bedroom he searched and turned the findings over to Sgt. Bailey who was in the kitchen to receive what the officers found. The officers were scattered over the house. The findings of Sgt. Sims were put in an envelope and marked Exhibit No. 4. Officer *1252 Price's findings were placed in an envelope and marked Exhibit No. 5. All the findings of the several officers were turned over to the State Toxicologist, Craig Bailey, who was qualified as competent.
The Toxicologist testified that Exhibit No. 4, found in a bedroom, contained 17.9 grams of marihuana. He testified that the contents of Exhibit No. 5 in evidence was 0.8 of heroin.
Thus it appears that marihuana, a controlled substance, was found in one bedroom and heroin, also a controlled substance, was in the other. It further appears that defendant's clothes, for which he called, were in one of these two bedrooms.
We think the evidence sufficiently supported an inference for the jury's consideration that defendant knew the controlled substances were in the house; also that he had possession of the apartment. Lucy v. State, supra; Rueffert v. State, supra.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Retired Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, P.J., and HARRIS, DeCARLO, and BOWEN, JJ., concur.
BOOKOUT, J., concurs specially.
BOOKOUT, Judge, concurring specially:
Through the Lucy analogy, supra, the jury could infer that appellant was an occupant of the premises. The fact that appellant was sitting completely unclothed in the living room adds to this inference.
However, the Lucy case does not stand for the proposition that a letter addressed to an appellant, at the address searched, proves control of the premises plus knowledge of the presence of contraband. The presence of such a letter at the place searched is a circumstance which would indicate that the appellant resided at that address. A boarder or a co-tenant may reside at a house, receive his mail there, have joint use of the living room and kitchen, but have absolutely no control over the bedrooms of other tenants.
My concern in these type cases may be best expressed by a hypothetical. Suppose three young ladies, say nurses, rent a three bedroom house. They each have a private bedroom, but have common use of all other areas. A valid search turns up marijuana in a bedroom. One of the tenants is arrested while sitting in the living room in a nightgown. A letter is found in the house addressed to her at that residence. No attempt is made to show in which bedroom the contraband is found. The State merely relies on the letter and her state of dress as circumstantial evidence to show that she resided there.
In such a hypothetical, do we have sufficient proof that the young lady charged either possessed or had knowledge of any contraband in an area which she controlled? I think not.
In the Lucy case, there was more incriminating evidence to connect that defendant with the contraband than just letters addressed to her at the place searched. The defendant in that case was found in a bedroom in which various containers of marijuana were found. One container was by a television set about six feet from the defendant. Marijuana was also found in her pocketbook. The letters and documents addressed to her at that residence were in a chifforobe and a dresser in that bedroom. This Court said that the letters and papers were relevant on the issue of whether or not the bedroom was hers and as to her control of the contents of the bedroom, not the entire house.
In Williams v. State, Ala.Cr.App., 340 So.2d 1144 (1976), cert. denied, Ala., 340 So.2d 1149 (1977), this Court found there was insufficient proof of constructive possession on facts very similar to those in the instant case. There the defendant was found sitting in the living room of a residence, *1253 wearing rumpled clothes and without shoes. Amphetamines were found in another part of the house.
I concur in the instant case only because of the following:
1. There were only two bedrooms in the house.
2. Both bedrooms contained prohibited drugs.
3. Appellant's clothes were in one of the bedrooms which contained drugs (although it is not shown which one).
4. The letters and his nudity, combined, would infer he resided in the house, and his clothes would infer he controlled one of the bedrooms containing drugs.
It would be a simple matter for the prosecution to put on proof of ownership or leasehold interest in most of these type cases. It would normally be simple to connect a defendant to a particular bedroom. But in many cases coming before this Court, the prosecutors are simply relying on the mere presence of a defendant where contraband is found to establish constructive possession. The State barely made out a case in the instant prosecution.