The Grand Jury of Covington County returned an indictment against the appellant, Alvin Lee Cobb, charging him with robbery. Appellant entered a plea of not guilty. A jury found him guilty as charged and fixed his punishment at 20 years imprisonment in the penitentiary and the court duly sentenced him to twenty years in the penitentiary. The appellant appeals to this Court.
Appellant was represented at all proceedings in the trial court, and is here represented by court appointed counsel. This appeal was submitted to this Court on briefs.
It is not necessary to state the evidence of the robbery and of defendant's plea of alibi, other than to make the observation that the guilt or innocence of the appellant presented a question of fact to be decided by the jury. *Page 743 
The appellant argues in his brief five reasons why his conviction should be reversed; first, because the trial court permitted the introduction into evidence a waiver of search warrant and a consent to search; second, that the consent to search did not apply to appellant but only to the party who signed it; third, that the state did not prove that the consent to search was given freely, unequivocally and voluntarily; fourth, that the party who signed the consent to search was not in court to be cross-examined by appellant; fifth, by allowing to be introduced into evidence a pair of blue shoes, fruits of the search.
There was evidence presented during the trial in the lower court in the presence of the jury, and on voir dire that Mrs. Alberta McGhee was a tenant and in the actual possession of the premises located at 2480-6th St. N.E., Winter Haven, Florida; that she freely and voluntarily, and without compulsion or threats of any kind, and understanding her constitutional rights in regard to the search, completely and intentionally waived them, and consented that the premises be searched without a search warrant; that the waiver of search warrant and consent to search was in figures and writing, and signed by Alberta McGhee as a tenant, and was witnessed by Don Harrell, Chief Deputy, Covington County, Alabama, Detective David Smith, Polk County, Florida, Sheriff's Office, and Detective Guy W. Henry of Winter Haven, Florida Police Department; that the consent to search was signed in the presence of the three witnesses, and is in words and figures, as follows:
 "POLK COUNTY SHERIFF'S OFFICE BARTON, FLORIDA DATE 5-12-77
IN RE: CASE NO. 0429
Alabama Case Number
 CONSENT TO SEARCH AND WAIVER OF SEARCH WARRANT I, Alberta McGhee hereby give my full consent that the premises located at 2480 6th ST. NE, Winter Haven, FL.
may be searched by the Sheriff, or any Deputy Sheriff, or Police Officer of Polk County, Florida, or all. This consent extends to the main building and any enclosures found on the property. I give this consent freely and voluntarily, without compulsion or threat of any kind.
 I fully understand my Constitutional Rights in regard to the search and it is my intention to fully and completely waive such rights by this consent.
 I further agree that anything or article that may be found in the search of the premises may be used in a court of law in any matter of which I may stand accused.
Signed Alberta McGhee
Authority Alberta McGhee
 (Owner, tenant, employer, employee, common occupant, agent, custodian, or other).
WITNESSES:
Don Harrell, Chief Deputy Cov. Co. Al.Det. David M. Smith P.C.S.O.Det. Guy W. Henry W.H.P.D."
State's evidence further tends to prove that the above named officers searched the premises and found a pair of blue shoes, and that Alberta McGhee was the only person present except the officers making the search.
The appellant testified that he rented and was buying the premises that were searched; that the premises were his home and that Alberta McGhee was a girl friend living in the home with him.
First we consider the authority of Alberta McGhee to waive a search warrant and to consent to a search of the premises. The authority of a person to waive a search warrant and to consent to the search of premises rest on the mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit an inspection in his or her own right, and that the others have assumed the risk that one of their members might permit the common area to be searched.
The evidence before the trial court fully sustains the finding of the trial court that Alberta McGhee was in possession of the *Page 744 
premises searched and lived in them with the appellant as his girl friend. The premises searched was a house trailer.
We hold that under the decisions of this Court when applied to the facts in this case the trial court did not err in determining from the evidence that Alberta McGhee had the authority to waive a search warrant and consent to a search of the premises. Scott v. State, Ala.Cr.App., 337 So.2d 1342;Smith v. State, Ala.Cr.App., 340 So.2d 889, cert. denied, Ala.,340 So.2d 895; Liptroth v. State, Ala.Cr.App., 335 So.2d 683, cert. den. Ala., 335 So.2d 688.
Appellant contends that the consent to search did not apply to him but only to the party who signed it. We hold that when a consent to search is lawfully given by a person lawfully authorized to give consent, that the fruits of the search tending to prove the appellant had committed a robbery are lawfully seized and would be admissible in evidence against him. Lucy v. State, 46 Ala. App. 484, 243 So.2d 756; Sheppard v.State, 49 Ala. App. 674, 275 So.2d 353.
Appellant's third contention in his brief is that the State did not prove that the consent to search was given freely, unequivocally and voluntarily. It is stated in the case ofScott v. State, supra, that when the State relies on a consent to search given by a third party that the burden is on the State to prove by clear and convincing evidence that the consent was voluntarily and knowingly given and that the third party who gave the consent had sufficient authority to do so. We hold that the evidence presented by this record fully discharges this burden on the State.
The appellant's next contention is that he was denied his constitutional right to have Alberta McGhee in court to be cross-examined by appellant.
It appears from the record that the above waiver of search warrant and consent to search, signed by Alberta McGhee, was presented to the trial court by the state for the benefit of the trial court in making a determination of the validity of the search. Alberta McGhee lived in the State of Florida; she was not within the jurisdiction of the trial court. There was evidence before the trial court by a witness to the consent that the witness saw Alberta McGhee sign it, that she was in possession of the property. We hold that the written waiver of a search warrant, and consent to search was admissible evidence on the issue as to whether there was a valid waiver of a search warrant, and a valid consent to search. Liptroth v. State,supra; Smith v. State, supra.
Finally we come to appellant's contention that the trial court erred in allowing into evidence the blue shoes, a part of the fruits of the search. We hold that the trial court did not err in allowing the blue shoes in evidence as against the objection that they were the fruits of an unlawful search and seizure.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a Retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 745