TYSON, Judge.
Charles Lewis Waller was charged by indictment for the unlawful possession of marihuana and Pentazocine, both controlled substances, in violation of the provisions of the Alabama Uniform Controlled Substances Act, a violation of § 20-2-70, Code of Alabama 1975 as amended.
The jury found the appellant “guilty of possession of controlled substances” and following a sentencing hearing, the trial court fixed punishment at 15 years’ imprisonment.
On December 14, 1982, Baldwin County Deputy Sheriff Gary Smith was directed to serve some papers revoking the probation of one Calvin Dubose. He had been by the home of Dubose twice making inquiry and had been unable to locate him.
Later that afternoon, he was riding down the road between Spanish Fort and Daphne and turned down a county road through a *1006 wooded area when he observed a white Oldsmobile parked with three black males in same. He noticed Calvin Dubose seated on the passenger side in the front seat, that the appellant, Charles Lewis Waller, was seated on the driver’s side on the front seat and the brother of Calvin Dubose, Morris Dubose, was seated on the rear seat. Deputy Smith drove to within about “15 feet or so” of the Oldsmobile, got out and directed Calvin Dubose to get out of the car. He stated that he could see a “frenzie-type movement” inside the car as he approached same and he noticed that Dubose was very slow in responding and that he told him to place his hands on the car. As he did so, he saw a syringe lying on the floorboard on the passenger side where Dubose had been seated. He then handcuffed Calvin Du-bose and placed him in the rear of his car and radioed for assistance. State Trooper Larkus Smith arrived a few minutes later and the two then directed the appellant, Charles Waller, to get out of the car and, as Waller did so, he threw something toward the bushes a short distance away. Deputy Smith stated that Waller’s speech was slurred, that he acted “kind of lackadaisical”, unsteady on his feet and had bloodshot eyes. He stated there was a strong odor of smoke about the car and that, after Waller got out, he noticed some hand rolled cigarettes lying on the seat and some cigarette buts in the ashtray. He found a second syringe under the front seat on the driver’s side and, on looking in the bushes, found a white plastic bottle cap which contained a blue-greenish powder “three to four feet from the vehicle”. He stated they also found another syringe outside the car. The syringes and the bottle cap were seized and taken, subsequently, to the State Toxicologist’s Office for examination.
Deputy Smith testified he had what appeared to be “healed scar marks on his forearm” which appeared to be from prior use and that there were some “fresh marks and blood dripping from his veins.” He stated that the appellant appeared to have been using some combination of drugs which included Talwin or a combination of Talwin and Ritlin, which is used with human blood and “reaches the blood stream faster.” He stated these sets are commonly called “T’s and Blues”. He stated that two additional syringes were found.
Deputy Smith then identified the package containing the items seized at the scene which were delivered to the State Toxicologist’s Office.
Trooper Larkus Smith testified that on the afternoon of December 14, 1982, he responded to a call of Deputy Smith and assisted in the arrest of the appellant. He stated that at the time of the arrest the appellant’s speech was slurred and incoherent and he appeared to be “spaced out” and staggered as he was unsteady on his feet.
Deputy Carl Cherry corroborated the other two officers’ testimony.
Taylor Noggle testified that on January 3, 1983, he received a packet from the Baldwin County Sheriff’s Department which contained one white bottle cap, some syringes, some needle covers for the syringes, plungers and three partially smoked, hand rolled cigarettes.
He weighed the material contained in the bottle cap and found that it was .505 grams of a substance “containing Pentazocine and Tripelennamine” and that these were substances listed in the Alabama Uniform Controlled Substances Act. He also determined that the plant material consisted of .04 grams of marihuana.
He further testified that he examined two syringes and found that they contained “Tenazocine”.
The appellant’s motion to exclude the evidence was overruled.
The appellant took the stand and testified that he lived in Daphne, Alabama, was married with two children and worked at the Fairhope Municipal Airport. He stated that he had been undergoing drug treatment, voluntarily, at Doctor’s Hospital. He stated that he had had problems with drugs and had voluntarily entered the treatment program. He stated that earlier that day Deputy Smith had come by his *1007 home looking for Charles Dubose and he told Deputy Smith that Dubose lived on Yancey Road, but that he did not know him.
However, later that day, Dubose came by a store where appellant was and asked him to play basketball with Dubose and his brother and they rode off. He stated that Dubose had gotten out of the car and that the Deputy dragged him out of the car and claimed that he had been using some drugs in the syringe. He stated that there were no “caps” on the backseat and he stated that he had been on the drug program and had not been “using anything” since he had been on the drug program. On cross-examination he stated that at one time he had used “T’s and Blues”. He contended that Calvin Dubose threw the cap out of the car and denied, seeing Calvin use the syringe that afternoon.
I
Appellant first contends that the indictment in this cause was fatally defective because it charged the appellant with the unlawful possession of two controlled substances, one of which was a felony and the other a misdemeanor, contrary to law.
We have carefully examined this record and find there was no challenge to the indictment either by objection, motion or demurrer filed in the trial court. Moreover, where, as here, the charge against the appellant in the indictment embraces both a felony and a misdemeanor, the rule of law against joinder of felonies and misdemeanors has no application to an indictment under § 20-2-70, Code of Alabama 1975, since the charged felony includes a misdemeanor by operation of law. Coleman v. State, 344 So.2d 1249 (Ala.Crim.App.1977), Shultz v. State, 437 So.2d 670 (Ala.Crim.App.1983).
II
We have carefully considered the evidence as set forth in this opinion and determined that Deputy Smith clearly had probable cause to arrest and search the appellant and the Dubose brothers based upon his observations of them in the automobile when he approached the car. Deputy Smith testified that he observed a syringe lying on the floorboard and detected the odor of smoke which was determined to be marihuana. He saw appellant throw a cap into the bushes a few feet from the car. . He found a second syringe under the driver’s seat of the Oldsmobile in which the appellant had been seated. Based upon the appellant’s conduct and behavior at the scene, clearly, Deputy Smith had probable cause to effect the arrest and make the search of the vehicle which revealed the drugs in question. We determine that the opinion of the Supreme Court of the United States in United States v. Ross is disposi-tive of this matter. United States v. Ross, 456 U.S. 798,102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Also, Vogel v. State, 426 So.2d 863 (Ala. Crim.App.1980), affirmed, Vogel v. State, 426 So.2d 882 (Ala.1982). See also, Durden v. State, 394 So.2d 967 (Ala.Crim.App.1980), cert. quashed, 394 So.2d 977 (Ala.1981); Sterling v. State, 421 So.2d 1375 (Ala.Crim.App.1982).
Ill
Appellant contends that the evidence was insufficient to support a conviction in this cause. We have carefully detailed the arresting officers’ testimony and determined that the facts and circumstances give rise to probable cause to effect the arrest and search of the appellant, Waller, and his two companions, the Dubose brothers. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Section 15-10-3, Code of Alabama 1975.
Based upon the arresting officers’ testimony and the toxicologist’s examination of the drugs seized, it is clear that the State of Alabama presented a prima facie case. Vogel, supra and Tice v. State, 386 So.2d 1180 (Ala.Crim.App.1980), cert. denied, 386 So.2d 1187 (Ala.1980); Durden, supra; Reed v. State, 401 So.2d 131 (Ala.Crim.App.1981), cert. denied, 401 So.2d 139 (Ala.1981).
*1008 We have carefully examined this record and find no error. The sentence of the trial court is within the statutory limits. The judgment is therefore affirmed.
AFFIRMED.
All the Judges concur.