TYSON, Judge.
Johnny Childers and two others were indicted for assault with intent to murder, and after a separate trial Childers was found “guilty as charged” and sentenced to serve fifteen years in the state penitentiary.
As appellant’s sole contention on this appeal concerns the refusal of the trial court to grant appellant a continuance we do not deem an extended discussion of the facts underlying the offense charged to be necessary. The State’s evidence, though somewhat controverted, tended to show that, on July 7, 1979, appellant and one Prank Bryant were engaged in a game of pool at an establishment in Birmingham. After appellant defeated Bryant, an argument ensued, but Bryant testified that he immediately left the poolroom and was outside the building when he noticed appellant advancing on him and brandishing a knife. Bryant stated that he had not thought appellant was angry until he saw the knife, and Bryant picked up a short stick to defend himself. Appellant was accompanied by Buck Randall and Perry Goodman, the other defendants in the case, who were also armed with knives. Bryant then retreated into a house owned by Steven King and locked the door behind him. According to testimony, Randall used his knife to cut the screen on the door, kicked the door in, and then began fighting with Bryant inside King’s house. King, who had been standing on the porch and yelled to Bryant to come into the house, attempted to intervene, but was slashed first by Goodman and then stabbed by appellant. Bryant was rendered unconscious and King critically injured. Appellant’s version of the melee differed somewhat, and he blamed Bryant for initiating the hostilities. Appellant further stated that he slashed at King with a knife only after King began beating him.
Appellant and his two companions were indicted on December 7, 1979, and counsel was appointed for appellant at his arraignment on December 19, 1979. Trial for the three was set initially for January 28, 1980, but was re-set for February 14, 1980. It appears that each defendant was represented by a different attorney and that, on February 13, the three attorneys, the prosecutor and the trial judge met and agreed *195 that the three defendants would be tried together the next day. On the morning of the 14th, however, the prosecutor moved that the three be tried separately and the trial court called appellant’s case first, to commence that day. Counsel for appellant moved the court for a continuance of one day, which motion was denied.
Though it appears that counsel for one of the other defendants did the arguing in support of the motion, we quote at length from the trial transcript in order to shed light on appellant’s contentions:
“THE COURT: I will say that .everybody agreed yesterday to try all three together. You don’t have to convince me as to that.
“MR. TERRY: Also, as to the preparations that occurred. What has happened since yesterday, the three attorneys have prepared this case in a concerted effort to try this case with all three defendants being present.
“The preparation as far as jury charges, subpoenaing witnesses, voir dire questions-
“THE COURT: You mean different witnesses for the three?
“MR. TERRY: No, sir, same ones but they are all subpoenaed under one person’s name because we thought all three would be tried altogether.
“THE COURT: Are they here?
“MR. TERRY: I’m not sure if they are all here. We haven’t checked them all. We don’t see one that is supposed to be here yet.
“THE COURT: When were they subpoenaed? I hope you are not going to say yesterday?
“MR. TERRY: No, two days ago. He has been served and been returned, if I am correct. They were also issued two weeks ago. The Court has re-issued those same subpoenaes when this docket first came out.
“In particular, my name on one of them. We issued this one several weeks ago when this case was set on the docket. I don’t know if that would leave Mr. Russell in the position of not being able to compel this witness into Court at this time.
“THE COURT: If that is a problem, I will compel him.
“MR. TERRY: You will compel him bn my subpoena?
“THE COURT: I sure will.
“MR. TERRY: We have also prepared voir dire questions, prepared opening and closing statements based on three people being tried at one time.
“We spent last night preparing it this way. All three witnesses were-all the witnesses and so forth were talked to by each individual lawyer. In other words, we split these witnesses up and prepared it this way, so no one lawyer knows all the testimony of all these witnesses. We have not had a personal contact with all the witnesses under this circumstance.
“THE COURT: You just started preparing the case yesterday?
“MR. TERRY: Well, we had prepared some of it before. What has happened in this situation, as far as the final efforts and the final conclusions as far as voir dire questions, final preparation for trial, there has been an individual split-up of a particular aspect of this trial.
“MR. TERRY: I would add also, as a part of Mr. Russell’s objection, he has asked me to state what has happened here-the scheme or situation that has occurred.
“Also, not only as a motion for continuance, but a part of his objection would be that it has created a situation that is detrimentally unfair to his clients, and creates a situation .where his client is placed in jeopardy by the acts of the Court.
“And, the entire situation or the statements made by the Court to the defendants’ attorneys, creates a scheme that is detrimental and that has been relied on the defendants-
“THE COURT: I don’t understand what you are saying.
“MR. TERRY: Well, what it has created, is a situation where preparations have *196 been made. The positions have been changed, attitudes have been taken, or witnesses prepared and so forth that in concert with all three being tried at once. “Now, that this change of the Court’s view of this case, in light of the District Attorney’s motion, has placed them in such a position that not only a continuance would be in order, but the whole scheme or system is detrimental to their rights of a fair trial.
“THE COURT: To be tried separately?
“MR. TERRY: Well, under these circumstances.
“No, sir, under these circumstances, it would be the denial of rights to a fair trial.
“If the parties-
“THE COURT: Let me ask Mr. Russell a question, since it is his case.
“Did you announce this case ready?
“MR. RUSSELL: Yes, sir.
“THE COURT: And, at that time, you thought you were going to be tried separately; didn’t you?
“MR. RUSSELL: Yes, sir.
“THE COURT: I overrule the motion. (R. 2-7)
Our case law is replete with authority for the proposition that the grant or denial of a continuance is a matter addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be disturbed on appeal unless a manifest abuse positively appears. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968); Williamson v. State, Ala.Cr.App., 370 So.2d 1054 (1978), affirmed, Ala., 370 So.2d 1066 (1979); West’s Alabama Digest, Criminal Law, Key Numbers 586 and 1151. Given the length of time available for preparation, the apparent availability of necessary witnesses, the relative simplicity of this case, and the fact that counsel for appellant conducted a vigorous defense by cross-examining the State’s witnesses and calling witnesses for appellant, we find no abuse of discretion in denying a continuance. We fail to see how a continuance of one day would have benefited appellant anyway, especially in light of his counsel’s indications that he was ready to try the case.
We have carefully reviewed the record and find no error requiring a reversal; the judgment below is therefore
AFFIRMED.
All the Judges concur.