This is another appeal from a denial of a petition for writ of error coram nobis.
The pro se petition, purportedly in the handwriting of petitioner, was prepared during his imprisonment on a life sentence at a unit of Kilby Correctional Facility, and was verified by him on May 2, 1980. The petition was received and filed in the office of the Clerk of the Circuit Court of Talladega County, the court in which a jury had found defendant-petitioner guilty of robbery and he was sentenced to imprisonment for life on October 24, 1978. On appeal to the Court of Criminal Appeals of the judgment of conviction and sentence, the judgment of the trial court was affirmed without an opinion on March 27, 1979. The appeal was placed on rehearing ex mero motu on August 8, 1979, and application for rehearing was overruled on August 21, 1979.
On June 10, 1980, the State, as respondent to the coram nobis petition, filed a document in which it moved to dismiss the petition, gave its reason therefor, denied each and every allegation in the petition and requested the court to deny the petition. On July 7, 1980, petitioner filed what he captioned a "Traverse To Defendant's Answer," in which he alleged:
 "(1) Petitioner was at no time guilty of the charges of murder or Robbery with which he was charged. Petitioner felt that, at most, he could have been charged as an accessory after the fact which is not of the same gravity as first degree murder or first degree Robbery.
 "(2) It must be reemphasized that counsel for petitioner has not done an adequate job. My attorney interviewed me twice before the trial. At no time did our discussions proceed beyond 15 minutes. *Page 272 
Frankly, he showed very little interest in my case.
 "(3) Petitioner sought a preliminary hearing to iron out all the difficulties presented in his case. One was not given even though the case had several parties and was of a complex nature. This severely violated petitioner's Constitutional Rights since due process was not observed.
 "Petitioner also stands upon the original motion filed upon his behalf."
On October 17, 1980, the court entered an order appointing counsel to represent petitioner, who well did so on the hearing and has continued to do so on appeal. In the same order, the court set the proceeding for a hearing on October 29, 1980, and appropriate arrangements were made for the petitioner's attendance at the hearing.
In the petition for writ of error coram nobis, there was language that perhaps permitted an inference that petitioner was claiming that he had entered a plea of guilty that "was not voluntary but a product of ineffective assistance of counsel," but it was made clear on the hearing by the testimony of petitioner that there was never any guilty plea in the case, and that the case was tried throughout solely on the issue raised by defendant's plea of not guilty.
On the hearing, petitioner was his only witness. His attorney on the trial of the robbery case and Captain Paul Locke of the Talladega Police Department testified on call of the State.
In denying the coram nobis petition, the court rendered a written judgment containing findings as follows:
 "The major contentions of the Petitioner are that he was denied a preliminary hearing and that he had ineffective and incompetent counsel.
 "In regard to the first contention, the Court finds that there was absolutely no evidence that the Defendant nor anyone in his behalf ever demanded a preliminary hearing prior to indictment of the Defendant for Robbery by the June, 1978, Grand Jury and that no such demand was made. The evidence was clear that the Defendant was arrested in May, 1978, and indicted the next month. The Court also finds that after indictment the Defendant is not entitled to a preliminary hearing.
 "Defendant next complains that he had ineffective or incompetent counsel. Counsel for the Defendant was retained by the Defendant's mother. It could hardly be said that the retained attorney, James A. Mitchell, did not pursue the defense of the Defendant diligently. On the 21st day of September, 1978, he filed a Motion to Suppress Written or Oral Statements Allegedly Made by the Defendant and on the 16th day of October, 1978, he filed a Motion for Production of Exculpatory Materials in the Possession of the Government. James A. Mitchell testified at the hearing for Post Conviction relief that he conferred with his client on three separate occasions in the Talladega County Jail and that he conferred with the Defendant and his family in the Court conference room on the 11th day of August, 1978, when a plea of not guilty was entered and again in court on several other occasions prior to trial. The Court finds that the Defendant had the effective assistance of competent counsel."
Two of the issues presented by appellant relate to the admission in evidence on the trial of the robbery case, over the purported objection of defendant, of a statement made by defendant after he was arrested at his home. It appears that the statement was probably the same statement which the defendant sought to suppress by his motion to suppress to which reference is made in the judgment of the trial court in the instant proceeding. Although we have access to, and can take judicial knowledge, of the record and transcript on appeal in the robbery case, neither party has suggested that we do so, as both parties did in the trial court as follows:
 "Q. Your Honor, I would like to introduce Page 164 of the transcript, this will be page 164 and 165, this would be the *Page 273 
portion of the trial that Mr. Houston is referring to.
 "MR. JULIAN KING: We would just ask the Judge to take judicial knowledge of the transcript and all the charges, if that is all right with Mr. Willingham and the Judge.
"MR. WILLINGHAM: That will be fine.
"MR. KING: It is the Court's record."
Another insistence of appellant is:
 "The evidence showed the trial Court charged the jury that Appellant was guilty. (R. 47)"
The cited page, (R. 47) of the transcript herein, contains a purported paraphrase in the testimony of the petitioner of what he purportedly remembered as being a part of the court's oral charge to the jury, which in his testimony petitioner said:
 "And the effect of his statement was to tell the jury that your petitioner was guilty."
The innuendoes and conclusion of the witness are not supported by the record or the transcript of the proceedings now before us.
Another proposition advanced by appellant is to the effect that the trial court failed to charge, but should have charged, the jury as to a lesser included offense of the crime of robbery. Here, again, is an absence of any evidence or showing, other than contentions, to support appellant's insistence. We would not be justified in concluding from the record and transcript in the instant case that an instruction on the lesser included offense would have been justified by the evidence in the robbery case or that the defendant therein ever requested in writing such an instruction.
In the fifth (V) contention of appellant, appellant asserts that trial counsel for appellant in the murder case also represented a codefendant and that such fact "created a conflict of interest and the Appellant was therefore denied his 6th Amendment right to counsel." The facts disclosed by the evidence in the coram nobis proceeding are that the attorney who represented defendant in the robbery case was employed to do so by defendant's mother, or his mother and father, and that she or they also employed the same attorney to represent their son, the defendant's brother, Dennis Houston, who was also charged with the same robbery, in which others were also codefendants. It is to be noted that no contention is made that the representation by the employed attorney of the two brothers as codefendants constituted "an actual conflict of interest" that "adversely affected" the performance of the attorney to the potential or actual injury of petitioner. In the absence of such a contention or situation, we find that no violation of the Sixth Amendment rights resulted from the dual representation.
 "The Court of Appeals granted Sullivan relief because he had shown that the multiple representation in this case involved a possible conflict of interest. We hold that the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. . . ." Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333, 348
(1980).
The only other issues presented by appellant were disposed of adversely to him in the quoted judgment of the trial court, with which we agree. Its judgment should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur. *Page 274