LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from judgments of conviction and sentence in two cases which had been consolidated for trial. In one of the cases, the jury found defendant guilty of possession of “a controlled substance, to-wit: fluorazepam” and in the other case a jury found her guilty of possessing “a controlled substance, to-wit: Marijuana.” Before the consolidated trial of the two cases, they had been consolidated with three other cases against another defendant, but on motion of defendant, appellant herein, the two cases against her were severed from the three cases against another defendant. *22 Appellant has presented no issue as to the correctness of the rulings of the court as to the consolidation of the two cases against her. We now consider the issues presented in appellant’s brief in the order of their presentation.
I.
Appellant asserts that the trial court committed reversible error in overruling defendant’s motion to suppress evidence of the results of a search of the premises by officers proceeding under a search warrant, on the ground that the search warrant was not executed by any officer empowered to execute the same in accordance with the following sections of Code of Alabama 1975:
“§ 15-5-5.
“If the judge or the magistrate is satisfied of the existence of the grounds of the application or that there is probable ground to believe their existence, he must issue a search warrant signed by him and directed to the sheriff or to any constable of the county, commanding him forthwith to search the person or place named for the property specified and to bring it before the court issuing the warrant.
“§ 15-5-7.
“A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution.”
In the brief of appellant, it is stated:
“The search warrant involved in this case was directed ‘To the Sheriff of Mobile County:’ A Mobile police officer who had been deputized by the Sheriff before the search in question along with other Mobile police officers conducted the search. The Sheriff of Mobile County was not present, and neither were any deputies under his control or supervision. The officers did not act in any way under the direction, control of permission of the Sheriff or his department.
“Therefore, there was no one present at the time of the search with authority to execute the warrant, and the evidence seized should have been suppressed, and the motion should have been granted.”
In recognizing, as appellant does by the statement quoted above, that the Mobile police officer “who had been deputized by the Sheriff before the search in question along with other Mobile police officers conducted the search” (emphasis supplied), it is to be seen that the search was in accordance with the statutory law on the subject, as held in Walden v. State, Ala.Cr.App., 426 So.2d 515, 516 (1982).
II.
Appellant captions the second issue presented as follows:
"A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution.”
The proposition stated is a verbatim recital of Code of Alabama 1975, § 15-5-7, which, of course, controls. As previously shown herein, the search warrant was directed to the Sheriff of Mobile County. As stated above, it was executed by one who had been deputized by the Mobile County Sheriff. Appellant urges in her brief that neither the deputized officer nor any other officer taking part in the search was authorized to execute the search warrant and relies for support upon Rivers v. State, Ala.Cr.App., 406 So.2d 1021, 1023 (1981), cert. denied, 406 So.2d 1023, wherein it was stated:
“Since the warrant was directed to ‘any ABC agent’ rather than a county official and was executed by ABC agents without the authority of county officials, the evidence procured under this search should not be admitted. The appellant’s motions to suppress or exclude such evidence should have been granted.”
In Rivers, the warrant was invalid in that it was not directed to the sheriff or a constable of the county as statutorily mandat *23 ed, and the purported execution of the warrant was invalid in that there was no execution by anyone having statutory authority to execute the warrant. In the instant case, the issuance of the warrant was valid in that it was directed to the Mobile County Sheriff, and the execution thereof was valid in that it was executed in Mobile County by one who had been deputized by the Mobile County Sheriff.
III.
The next issue stated by appellant is stated in appellant’s brief as follows:
“For an item in plain view to be validly seized, the officer must possess some judgment at the time that the object to be seized is contraband.”
In support of appellant’s contention, Kinard v. State, Ala., 335 So.2d 924 (1976), and Shipman v. State, 291 Ala. 484, 282 So.2d 700 (1973), are cited. Both cases deal with warrantless searches and, therefore, are inapposite to the issue raised by appellant in the possession of fluorazepam case. She is correct in her contention that the prohibited substance fluorazepam, which a qualified chemist testified she tested and found to exist in some of the materials seized in the execution of the search warrant, was not specifically listed in the warrant as an object to be seized. Appellant cites no authority to the effect that the seizure of a specific controlled substance is not valid when the seizure is made while executing a valid search warrant for other specific controlled substances, and we are not aware of any such authority. Appellant’s contention that the judgment of conviction for the possession of fluorazepam should be reversed is not well taken, in our opinion.
IV.
The final contention of appellant is epitomized in the last paragraph of appellant’s brief:
“Constitutional double jeopardy provisions prohibit the splitting of a single criminal act so as to justify multiple prosecutions for identical criminal behavior. The multiple sentences based upon possession of marijuana and possession of fluorazepan at one time is therefore prohibited under the doctrine set out in Vogel v. State, [Ala.Cr.App.] 426 So.2d 863, [1980] and Defendant’s case should be remanded for proper re-sentencing.”
In addition to a fine assessed by the jury in each of the cases, the court imposed a sentence in CC83-372 for possession of fluorazepam of imprisonment “for a period of five years” and in CC 83-371, for the possession of marijuana for defendant's personal use, the trial court ordered that defendant be sentenced “for six months in the county jail” and that the sentence “run consecutive to the sentence in case No. CC 83-372.” As the sentences were not so imposed as to run concurrently, the State concedes, and we agree, that the cases should be remanded for sentencing. Although the judgments of conviction should be affirmed, the cases should be remanded with directions that the trial court conduct another sentence hearing, with notice to the parties, and resentence defendant, and make due return thereof, with notice to the parties, to this order of remandment. Either party aggrieved thereby will have twenty-eight days within which to file a brief, and the opposing party fourteen days thereafter to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
It being shown by the Return to Remand that at the resentence hearing, in the presence of appellant and attorneys for each of the parties, the case against appellant for the possession of marijuana was non-prossed on motion of the State, that the punishment fixed by the fine assessed and *24 the sentence imposed on the resentencing hearing in the case for the possession of fluorazepam was the same as it was on the former sentencing hearing, and that neither party has filed any brief within the time provided for the filing of a brief by any aggrieved party, the judgment of conviction and sentence should now be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.