A jury returned a verdict finding defendant, this appellant, "guilty of possession of marihuana for personal use as charged in the indictment" and assessed a fine of $1,000.00. At the conclusion of a promptly scheduled sentencing hearing, the trial court stated, "The Court sentences you [the defendant] to serve a term of twelve months in the county jail and to pay a fine of One Thousand Dollars."
The transcript of the proceedings on the trial discloses that the evidence presented is divided into two principal parts. In one, is the evidence heard by the trial judge out of the presence of the jury on defendant's motion to suppress evidence obtained during the execution of a search warrant on the premises where defendant was during the time he was found to be in possession of marijuana; the other is as to the evidence presented to the jury.
Appellant's counsel directs his first contention for a reversal upon the action of the court in overruling defendant's motion to suppress. He says defendant was denied his constitutional rights to "confrontation" and the "statutory right to thorough and sifting cross-examination as to the witnesses called against him, Code of Ala. 1975, § 12-21-137," in that his attorney was denied the opportunity to acquire, by his interrogation of the officer who procured the search warrant, information as to the informant from whom the officer had obtained the information as to the presence of marijuana or other prohibited substances on the premises searched. He relies upon Aguilar v. Texas, 378 U.S. 108, *Page 1264 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. UnitedStates, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), as to their "two-pronged test" for determination of whether there is a legal basis for the issuance of a search warrant. As the attorney for appellee points out in his brief, the mentioned "two-pronged test" of Aguilar and Spinelli is no longer applied by the Supreme Court, to which we must look for guidance, as shown in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527, as follows:
 "For all these reasons, we conclude that it is wiser to abandon the `two-pronged test' established by our decisions in Aguilar and Spinelli. In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations." (citations omitted)
And in Massachusetts v. Upton, ___ U.S. ___, 104 S.Ct. 2085,2087, 80 L.Ed.2d 721 (1984), the Court stated:
 "We think that the Supreme Judicial Court of Massachusetts misunderstood our decision in Gates. We did not merely refine or qualify the `two-pronged test.' We rejected it as hypertechnical and divorced from `the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" (citations omitted)
Counsel for appellant captions the only other issue presented in his brief as follows:
 "VERDICT OF NOT GUILTY FOR POSSESSION OF CONTROLLED SUBSTANCE SEIZED PURSUANT TO SEARCH OF APPELLANT'S RESIDENCE CREATES A BAR TO PROSECUTION FOR OTHER CONTROLLED SUBSTANCE SEIZED DURING SAME SEARCH."
Appellant's attorney is correct in his statement that the indictment charged that defendant "possessed phenmetrazine or marihuana on December 1, 1983," that the evidence revealed that the officers found phenmetrazine and marihuana in the premises searched and that the "State used a statement made by appellant that `any dope found in the house belonged to him' to show that he had knowledge of the controlled substances." Appellant's attorney continues to argue this issue by stating in his brief:
 "The threshold issue is whether a single possessory offense requires a single verdict on a one-count indictment. Article 1, § 9 of the Alabama Constitution prohibits the splitting of a single criminal act so as to justify multiple prosecutions for the identical criminal behavior. Based on the facts in the instant case, the decision for the jury was whether defendant was guilty of possessing both controlled substances or neither. Thus, the jury's verdict is inconsistent. The verdict subjects the defendant to double jeopardy.
 "Similar to the case at bar is Vogel v. State, 426 So.2d 863 (Ala.Cr.App. 1980) in which this Court found that Section 20-2-70 (a) Code of Alabama requires a single sentence for a single possession. The Court found further in Vogel that `the possession is the criminal offense, and our section does not sanction basing multiple prosecutions or sentences on the mere fact that several types of drugs were so possessed at one point in time.'
 "Following the logic espoused in Vogel, and on the particular facts of this case, the Appellant could not be found not guilty of possessing one controlled substance and guilty of possessing the other. Appellant submits that the lynchpin [sic] of the State's case was Appellant's comment that `all the dope belongs to me'. Therefore, the verdict could not be either/or but should be all or none. Not guilty of possessing one acts as a bar to guilty of possessing the other.
 "Because of the inconsistent verdict, the case should be reversed and remanded."
We cannot reconcile the conclusions of appellant's counsel with anything that was held or stated by any judge of this Court or any justice of the Alabama Supreme Court, either on original submission or on rehearing of the multipartite case of Vogel v. *Page 1265 State, 426 So.2d 863 (Ala.Cr.App. 1980), judgment affirmed,426 So.2d 882 (Ala. 1982), cert. denied, 462 U.S. 1107,103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983). We agree with counsel for appellee that Vogel v. State, supra, is inapplicable to the case at hand. The two controlled substances involved, phenmetrazine and marijuana, were alleged disjunctively in the indictment, thus evidencing the wise intent on the part of the State to avoid all possible perils that might be involved in any apparent effort to convict defendant of more than one crime. The jury responded to its duty in finding defendant guilty of possession of only one of the controlled substances named in the indictment. The trial judge proceeded correctly in adjudging defendant guilty of possession of marijuana and in fixing his punishment at imprisonment for twelve months in the county jail.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.