488 So.2d 497 (1985)
Jerry Leonard COWART
v.
STATE.
1 Div. 663.
Court of Criminal Appeals of Alabama.
January 22, 1985.
On Return to Remand February 12, 1986.
Rehearing Denied April 22, 1986.
*500 Paul D. Brown, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Patricia E. Guthrie, Jean Williams Brown, Asst. Attys. Gen., for appellee.
HARRIS, Judge.
Jerry Leonard Cowart was indicted and convicted for the offenses of possession of marijuana; possession of flurazepam; and possession of a pistol after conviction of a crime of violence. He was sentenced to imprisonment in the Mobile County Jail for six (6) months with a $1000 fine, on the marijuana charge; thirty-five (35) years' imprisonment in the penitentiary with a $2000 fine, on the flurazepam charge; and five (5) years' imprisonment in the penitentiary on the firearms charge.
Teresa Jane Cowart was indicted and convicted for possession of marijuana and possession of flurazepam. She was sentenced to a fine of $5000 and five (5) years' imprisonment on the flurazepam conviction; a fine of $1000 and six (6) months' imprisonment on the marijuana conviction.
On July 14, 1982, Detectives Jeff Stokes, Larry Mote, and Michael Roland placed a residence at 2204 McVay Drive in Mobile, Alabama, under surveillance. At 5:45 p.m. that same day a search warrant was executed. After the detectives identified themselves to appellant, Jerry Leonard Cowart, and informed him of the search warrant for his house, he was handcuffed and allowed to sit in the house. During the search, a codefendant, Teresa Jane Cowart, returned home along with her minor son. Upon Mrs. Cowart's arrival at the residence, both she and Mr. Cowart were advised of their Miranda rights.
The search disclosed two large plastic bags of white pills in the refrigerator; a marijuana pipe, along with two plastic bags of green plant material; a set of triple beam scales with green plant residue on them; an address book; and $2,450 in currency. Three partially-smoked marijuana cigarettes were found in the living room. A .38 caliber pistol and a "roach-clip" were found in the master bedroom. Pursuant to this search, appellants were arrested.
Analysis of the contraband seized at the residence revealed that the green plant material and other items were positive when tested for the presence of tetrahydrocannibinol, the active ingredient in marijuana. The 1601 white tablets were analyzed, and although they were marked as if they were quaaludes, they were obviously counterfeit. After testing and analysis, they were found to contain flurazepam, which is a controlled substance, under Schedule IV, § 20-2-29, Code of Alabama 1975.
On April 4, 1983, the charges against both defendants were consolidated for trial on motion of the State. Willis Holloway was retained as counsel for both defendants. On June 15, 1983, appellant, Jerry Leonard Cowart, was deemed to be indigent and Paul Brown was appointed to represent him while Holloway continued as trial counsel for Teresa Jane Cowart. Teresa Jane Cowart's conviction was affirmed by this court. Cowart v. State, 461 So.2d 21 (Ala.Cr.App.1984).
Appellant's first issue alleges that the trial court committed reversible error by disqualifying Holloway as attorney for Jerry Cowart but not for Teresa Cowart. Appellant alleges that the original attorney should have been disqualified for both defendants and the trial judge should have appointed attorneys for both of them. Appellant mistakenly relies upon Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), for authority.
*501 Holloway, supra, does not stand for the proposition that a new attorney should have been appointed for a co-defendant absent any allegation of a conflict of interest by Teresa Cowart. If a defendant does not object to the adequacy of counsel at trial, only the demonstration of actual conflict of interest will be proof of denial of effective assistance of counsel. United States v. Burroughs, 650 F.2d 595 (5th Cir.), cert. denied, 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981). Where no actual conflict of interest is shown as a result of joint representation of co-defendants, failure of the trial court to inquire as to possible conflicts inherent in counsel's joint representation does not require reversal. United States v. Alvarez, 696 F.2d 1307 (11th Cir.), cert. denied, 461 U.S. 907, 103 S.Ct. 1878, 76 L.Ed.2d 809 (1983).
Teresa Cowart alleged no conflict of interest at or prior to trial. She made no contention that her continued representation by Holloway constituted any conflict of interest. In the absence of such a contention, no violation of any Sixth Amendment rights resulted from Holloway's serving as Teresa Cowart's attorney. Houston v. State, 401 So.2d 270 (Ala.Cr.App.1981).
Appellant's allegation that the consolidation of these two cases for trial was improper is without merit. It is apparent that the trial court complied with the requirements of A.R.Crim.P.Temp. 15.4. The record indicates that the order granting the State's motion to consolidate was issued following a hearing whereupon appellant's attorney made an objection to the consolidation, which was overruled.
For this court to rule that a trial judge abused his discretion in this matter, an appellant has a heavy burden of establishing that he was unable to obtain a fair trial without a severance and that he suffered compelling prejudice which the trial court could not prevent. United States v. Wilson, 657 F.2d 755 (5th Cir.1981). Appellant has failed to meet this burden and fails to allege how the consolidation has prejudiced him.
Appellant next alleges that the State's use of peremptory challenges to strike a jury for trial was a purposeful, deliberate and systematic means to exclude young black males from the jury, in violation of his constitutional guarantee of trial by an impartial jury. Appellant contends that once the allegation was raised that the State had so used its peremptory challenges, a hearing should have been conducted by the trial court to determine whether the burden of justification could be sustained by the State.
Appellant fails to cite any authority for this proposition, as the great weight of authority does not support his contention. In Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), Justice White addressed this issue:
"`In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it....'" (Emphasis added.)
Swain, supra, at 222, 85 S.Ct. at 837. Appellant's contention is without merit. McCray v. State, 395 So.2d 1057, 1060 (Ala. Cr.App.1980), cert. denied, 395 So.2d 1062 (Ala.1981).
Likewise, appellants' allegation that denial of the request to strike two juries constituted reversible error is wholly without merit. The trial court fully complied with the procedure outlined in A.R.Crim.P. *502 Temp. 15.4(h). There was no error for the trial court to deny appellant's motion for a mistrial on this point. Lewis v. State, 469 So.2d 1291 (Ala.Cr.App.1984); Holsemback v. State, 443 So.2d 1371 (Ala.Cr.App.1983).
Appellant alleges that the use of a special docket violated his right to a trial by an impartial jury and his guarantee of due process. Appellant alleges that this was a "crash docket" to clear a backlog of criminal cases. Appellant contends that this created a "carnival" atmosphere and that jurors were repeatedly used for criminal trials so that they became "programmed to render guilty verdicts as a matter of course." The record is silent as to this situation and, contrary to appellant's assertion, does not contain the voir dire examination of the jury venire, so there is no evidence to substantiate any of appellant's claims.
The matter of placing cases on the docket for trial is largely within the discretion of the trial judge, and in the absence of a showing of an abuse in the discretion by the trial court, this court should not disturb the trial court's ruling. Wilson v. State, 395 So.2d 1116 (Ala.Cr. App.1981); Childers v. State, 389 So.2d 193 (Ala.Cr.App.1980). Additionally, on this issue, appellant fails to argue or state any supporting legal authority, and has cited this court to events that are not reflected in the record. According to A.R.A.P. 45B, this court is not obligated to consider questions or issues not presented in briefs on appeal. Mere allegations without proper argument and legal authority are deemed waived. Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984).
Appellant alleges that he was denied use of a law library and access to law materials pending trial, and that such denial abrogated his constitutional right to adequate, effective, and meaningful access to the courts as expressed in Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Appellant clearly misreads the law on this issue. The requirement is that adequate law libraries or adequate assistance from persons trained in the law must be provided. Bounds, supra, at 828, 97 S.Ct. at 1498. Appellant does not allege that he was ever inadequately represented by counsel, and, in fact, he was at all times represented by a court-appointed attorney. Further, an examination of the record reveals that appellant was incarcerated in the federal penitentiary in Tallahassee until two weeks before the trial, and appellant's counsel admitted to the trial court that the law library was available to appellant in the federal prison. Consequently, appellant's argument is without merit, as he had access to the law library at all times.
Appellant next contends that, because the search warrant, which was directed to the "Sheriff of Mobile County," was executed by Officer Stokes of the Mobile Police Department, the trial court below erred in denying the motion to suppress due to a violation of § 15-5-7, Code of Alabama 1975.
This issue was addressed by this court in Walden v. State, 426 So.2d 515 (Ala.Cr.App.1982), where Judge DeCarlo stated that it was permissible for a municipal police officer who had been duly sworn as a deputy sheriff to execute a search warrant which was directed to the sheriff's department, even though this deputy was not under the control and supervision of the sheriff. The record clearly shows that Officer Stokes had been personally deputized by the sheriff of Mobile County and had taken an oath to discharge the duties of a deputy sheriff. Cf. Ala. Const.art. XVI. "We do not think the solemnity of such an oath is something to be taken lightly or ignored altogether." Walden, supra, at 517.
Appellant has neither addressed nor distinguished Walden, although the instant case raises precisely the same issue arising from an almost identical fact situation. Walden is controlling on this point and, therefore, we hold that the execution of the search warrant was proper.
*503 Appellant's allegation that the trial court erred in denying a motion for independent analysis of the controlled substances is without merit as well. The record indicates that the trial judge denied the motion because it was not timely filed. We will not put the trial court in error for its denial of the motion in view of the delayed presentation. Powers v. State, 49 Ala.App. 690, 275 So.2d 369 (1973). This matter is clearly distinguishable from those cases in which the motion to produce or motion for independent analysis was made well in advance of the date for trial. Warren v. State, 292 Ala. 71, 288 So.2d 826 (1973); Etheridge v. State, 414 So.2d 157, 161 (Ala.Cr.App.1982).
Further, an examination of the record reveals that the State presented testimony from three chemical analysts who examined and tested the drugs seized. The 1601 tablets seized clearly contained flurazepam, a controlled substance, and marijuana. Appellant makes no allegation that there was any fraud or mistake on the part of these analysts or the tests that they performed. Any error in the denial of the motion for independent analysis is harmless, even if that motion had been timely filed.
Since the police officers had executed a valid search warrant at appellant's home, there is no merit to Cowart's claim that the contraband was seized without probable cause. The search warrant directed the officers to search for "dilaudid and marijuana," and the officers seized marijuana, various marijuana paraphernalia, and 1601 tablets in two plastic bags inside a refrigerator. The plain-view seizure of items not listed in a search warrant is justified where the officers' intrusion into the residence was pursuant to a valid search warrant and the item seized is of an incriminating nature. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Mitchum v. State, 384 So.2d 1193 (Ala.Cr.App.), cert. denied, 384 So.2d 1205 (Ala.1980).
As for the seizure of the pistol during the search, if, during a lawful search, the police searching in the manner authorized find evidence of another offense not related to the crime for which the warrant was issued, it may nevertheless be lawfully seized. Baty v. State, 401 So.2d 308 (Ala.Cr.App.1981); Sheppard v. State, 49 Ala.App. 674, 275 So.2d 353 (1973).
Appellant alleges that the State failed to prove venue and jurisdiction. The record indicates that Officer Stokes testified that appellant's home was at 2204 McVay Drive, Mobile, Alabama. Furthermore, this court may take judicial notice of matters known to the general public such as the knowledge that a certain geographic location is within a particular county. Stringer v. State, 372 So.2d 378, 384 (Ala. Cr.App.), cert. denied, 372 So.2d 384 (Ala. 1979); Barbee v. State, 395 So.2d 1128, 1131 (Ala.Cr.App.1981); Hall v. State, 213 Ala. 325, 104 So. 826 (1925); May v. State, 22 Ala.App. 239, 114 So. 423 (1927). This court takes judicial notice that Mobile is in Mobile County. There is no merit to appellant's contention that the State failed to prove venue.
Appellant next alleges that it was error for the jury to recommend to the trial judge a fine to be imposed. Appellant contends that this recommendation was in effect a jury assessment of the fine pursuant to a conviction, and this would be both confusing and improper.
The jury, upon finding appellant guilty, assessed Jerry Cowart a fine of $1000, for possession of marijuana, and $25,000 for possession of flurazepam. Following the trial, a motion to reduce these sentences was filed and the trial judge reduced Jerry Cowart's $25,000 fine for possession of flurazepam to $2,500, and left the $1000 fine for marijuana possession intact.
The trial judge relied on former §§ 15-18-40 and 15-18-41, Code of Alabama 1975, which allowed the jury to fix and determine the amount of fines in a prosecution by indictment. These former sections were repealed by Acts 1977, No. 607, p. *504 812, § 9901, as amended, effective January 1, 1980.
Section 20-2-70, Code of Alabama 1975, authorizes a fine to be imposed in drug possession cases. This section is silent as to whether the judge or jury shall assess the fine. The imposition of a fine in such cases is entirely within the discretion of the trial judge. His instructions had the effect of asking for a recommendation from the jury. Accordingly, we can find no error in the trial judge's actions in authorizing the jury to impose the fines. Smith v. State, 472 So.2d 677 (Ala.Cr.App.1984); Jordan v. State, 411 So.2d 816 (Ala.Cr.App. 1981). The actions of the trial judge were neither confusing nor prejudicial to appellant's case, as there was more than ample evidence to support a verdict of guilty by the jury.
Appellant's final contention concerns the application of Vogel v. State, 426 So.2d 863 (Ala.Cr.App.1980), affirmed as to other issues, writ quashed as to instant issue, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), to the sentences that were imposed. As previously stated, appellant was convicted and sentenced for possession of flurazepam and marijuana. Appellant was convicted of possession of these controlled substances at the same time and place. The record indicates that the trial court imposed separate sentences on appellant for each possession of a controlled substance.
"By applying the principles developed in our case law to the plain language of § 20-2-70(a), we, thus, find that the possession is the criminal offense, and our section does not sanction basing multiple prosecutions or sentences on the mere fact that several types of drugs were so possessed at one point in time." (Emphasis in original.) Vogel, supra, at 882; Tice v. State, 475 So.2d 589 (Ala.Cr.App.1984). There can be no other finding, except that the evidence clearly showed that the controlled substances were in appellant's possession at that one point in time.
Accordingly, we hold that the trial judge erred in imposing multiple sentences, because there was but one possession. We, therefore, affirm the convictions of appellant, but, because the trial court imposed two separate sentences for appellant, a new sentencing hearing is required. Smith, supra.
Only one sentence may be imposed on appellant for possession of controlled substances under the facts of this case. The sentences imposed are, therefore, set aside, and this cause is remanded for proper sentencing. The trial court is hereby directed to impose only one sentence for the possession of the two drugs. The trial court is also directed to prepare a return showing such sentences and to file that return in this court after holding the hearing with appellant and his attorneys present.
REMANDED FOR PROPER SENTENCE.
All the Judges concur.

ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
In compliance with the order of this Court remanding this case to the trial court "FOR PROPER SENTENCE," the trial court duly conducted another sentencing hearing, at which the appellant with his counsel was present, as well as counsel for appellee. It appears from the court reporter's transcript of the sentencing hearing that counsel for the State moved that the charge of possession of marijuana for which appellant had been found guilty in the instant case of possession of marijuana for personal use only, a misdemeanor, be nol-prossed. In accordance with such recommendation, the trial court ordered that the case against appellant as to possession of marijuana be nol-prossed, that the defendant be sentenced to twenty years imprisonment in the penitentiary for the alleged possession of flurazepam and five years imprisonment for the possession of a pistol after conviction of a crime of violence, *505 with the two sentences to run concurrently.
Appellant's attorney takes the position, as he did on the sentencing hearing upon remandment, that as appellant had been acquitted of the charge of a felony possession of marijuana, he was not treated justly by the withdrawal of the possession of the marijuana charge instead of the flurazepam charge against him. In support of his position, appellant's attorney relies upon Hurst v. State, 86 Ala. 604, 6 So. 120 (1889), in which it was held that a defendant who commits the offense of carrying a file into a jail, with the intent to aid in the escape of two prisoners, one convicted of a misdemeanor and the other of a felony, may successfully plead his conviction under an indictment for aiding in the release of the former in bar of an indictment for aiding in the release of the latter. The facts of the case are stated in the first paragraph of the opinion by Justice H.M. Somerville:
"The defendant was indicted, tried, and convicted for conveying into the county jail a file, with the intent to facilitate the escape of one Hurst, who was confined under a charge of misdemeanorthe offense being made punishable by fine and imprisonment in the county jail, or sentence to hard labor the county.Code 1886, § 4003. At the same term of the court the defendant was also indicted, tried, and convicted for the same act of conveying into the county jail the same file, with the intent to facilitate the escape of one Hughes, a prisoner confined in the same jail on the charge of felony this offense being punishable by imprisonment in the penitentiaryCode 1886, § 4002. The latter case is the one now before us on appeal."
The case of Hurst v. State, supra, has been repeatedly cited with approval by the appellate courts of Alabama during the succeeding period of nearly one hundred years, and we would not hestitate to follow what was held therein. Nevertheless, it is inapposite to the position now taken by ingenious counsel for appellant, who argues:
"The Trial Court upon remandment was without jurisdiction to set aside the verdict of the Jury in CC 83-373 and further was without jurisdiction to allow the State to Nolle Prosequi the charge in CC-373 since this verdict had been rendered by the Jury and was determinative of the prosecution and precluded any further prosecution of the Controlled Substances Act. The refusal of the Trial Court to dismiss as null and void the sentence imposed in CC 83-374 is in violation of this Honorable Court's order and contrary to Alabama Law and requires that this cause be reversed."
The judgment of sentence imposed by the trial court, as well as its judgment of conviction, should now be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.
CLARK, Retired Circuit Judge.
Appellant's application for rehearing includes a Rule 39(k), A.R.A.P., motion by which appellant requests this Court to add to its opinion on rehearing the additional facts set forth in the motion, with which we now comply by setting forth the additional facts requested as follows:
"1. In the trial proceedings, the Appellant was tried in a consolidated trial for the following offenses:
"(A) CC-83-373, Possession of Marijuana Felony.
"(B) CC-83-374, Possession of Flurazapam.
"(C) CC-83-375, Possession of a pistol after the Conviction of a Crime of Violence.
"2. The indictment charging possession of Marijuana, Felony, has a lower case number and in fact the verdict of the jury in CC-83-373, preceded the verdict in CC-83-374 and further the Judgment and sentence of the Trial Court in CC-83-373 preceded the Judgment and sentence in CC-83-374."
*506 In the brief of counsel for appellant in support of the application for rehearing there is some enlargement on the contention made in the brief on original submission on return to remand by argument by appellant's counsel that the action of the trial court as shown by the return to remand "constitutes a violation of Article I, § 6 CONSTITUTION OF ALABAMA 1901, and the Fifth and Fourteenth Amendments of the United States Constitution." Counsel for appellant seeks to show that the order of the trial court in nol-prossing on motion of the State, the charge against appellant that he had been guilty of possession of marijuana for personal use only was an infringement upon his constitutional right to a trial by jury, for the reason that a jury had found him guilty of the misdemeanor of possession of marijuana for personal use only, a lesser included offense as to the charge of the possession of marijuana, a felony. There would be some merit in such a contention if the State were allowed to thereafter prosecute the defendant for a felony possession of marijuana, but it is clear that the circumstances of what took place at the last sentencing hearing would not have permitted him to ever be prosecuted again for the same conduct that brought about the judgment against him of the lesser included offense of possession of marijuana for personal use only. In our opinion, the position taken by attorney for appellant in support of his application for rehearing to the effect that there has been an infringement upon appellant's right to a jury trial is not well taken.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.