BOWEN, Presiding Judge.
This is a petition for writ of mandamus.
Federal prisoner John Wayne Fleming was being held in the Clay County Jail on a criminal indictment awaiting trial. He is represented by appointed counsel in that criminal case.
Clay County Circuit Judge John E. Rochester ordered Fleming transferred to the St. Clair Correctional Facility in order to allow the petitioner access to a law library so that he could prepare for his federal civil lawsuit against the Sheriff of Clay County and prepare for his criminal trial in which he had been formally appointed as his own co-counsel. The St. Clair Correctional Facility is under the authority and operation of the Alabama Department of Corrections.
The Alabama Department of Corrections filed this petition for writ of mandamus against Judge Rochester, claiming that a “circuit Judge has no jurisdiction to order a pretrial detainee/prisoner to be incarcerated in the Alabama Department of Corrections.” Judge Rochester’s response was *102 that a prisoner has a constitutional right of access to the courts which includes access to a law library. That right cannot be abridged by a narrow construction of the statutes involved.
A circuit judge may, under certain conditions, order a county prisoner transferred to a jail in another county. Alabama Code 1975, § 14-6-6, provides:
“In all criminal cases, either before or after conviction, and in cases of contempt, if it is shown to the court, judge or committing magistrate that the jail of the proper county is insecure or insufficient for the safekeeping of the prisoner or that there is no jail in the county, the commitment must be to the nearest sufficient jail and the reason of such change must be entered on the minutes of the court, or stated in the warrant or endorsed thereon and signed by the magistrate. The jailer of the county to which the commitment is made must receive and confine the prisoner on such commitment or a certified copy of such order.” (Emphasis added.)
Section 14-6-7 provides:
“If the jail of any county is destroyed, or becomes insufficient or unsafe, or any epidemic dangerous to life is prevalent in the vicinity or there be danger of rescue or lawless violence to any prisoner, any circuit court judge may, on the application of the sheriff and proof of the fact, direct the removal of any prisoner or prisoners to the nearest sufficient jail in any other county; and it is the duty of such judge, in such case, to make an endorsement on the order or process of commitment, stating the reason why such removal is ordered, and to date and sign such endorsement.” (Emphasis added.)
These two statutes are contained in that section of the Alabama Code that deals with county jails.
The Department of Corrections has the authority, under certain conditions, to order persons confined in a jail or prison transferred to a jail or prison of some other county. § 14-6-88. We have been cited to no authority authorizing a circuit judge to order an accused awaiting trial in the county jail transferred to a state prison for any reason.
While prison officials must provide prisoners with direct legal assistance or access to a law library, they are not required to provide both, so long as the constitutional requirement of “meaningful access” is met. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Nordgren v. Milliken, 762 F.2d 851 (10th Cir.), cert. denied, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); Cowart v. State, 488 So.2d 497, 502 (Ala.Cr.App.1985), overruled on other grounds, McClendon v. State, 513 So.2d 102 (Ala.Cr.App.1986).
An appellate court may issue a writ of mandamus to a lower court “to correct any abuse of jurisdiction.” Alcoholic Beverage Control Board v. Taylor, 339 So.2d 66, 68 (Ala.1976). Since the circuit judge acted beyond his jurisdiction, the petition for writ of mandamus is granted. Judge Rochester is directed to order the Sheriff of Clay County to take custody of John Wayne Fleming from the Alabama Department of Corrections and transport him to the Clay County Jail.
PETITION GRANTED.
All Judges concur.