513 So.2d 102 (1986)
Kenneth E. McCLENDON
v.
STATE.
8 Div. 568.
Court of Criminal Appeals of Alabama.
December 30, 1986.
Rehearing Denied January 27, 1987.
Certiorari Quashed September 11, 1987.
*103 William R. Self II, Huntsville, for appellant.
Charles A. Graddick, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 86-636.
BOWEN, Presiding Judge.
Kenneth E. McClendon was convicted for the unlawful possession of cocaine. His sentence of five years' imprisonment was suspended and he was placed on three years' probation. On appeal, McClendon argues that his conviction was barred on principles of former jeopardy. We disagree.
The facts are undisputed. On the night of October 12, 1985, McClendon had both marijuana and cocaine in his possession. That same night, he was arrested and charged by municipal complaint for the personal possession of marijuana, a violation of § 20-2-70, Code of Alabama 1975, "generally adopted by [Guntersville] city ordinance 552."
On October 26, 1985, McClendon pleaded guilty in municipal court to the misdemeanor possession of marijuana and was fined $200 plus costs. On January 15, 1986, he was indicted for the possession of cocaine, a felony.
On March 31, 1986, McClendon filed a motion to dismiss alleging jeopardy under Vogel v. State, 426 So.2d 863 (Ala.Cr.App. 1980), affirmed on another ground, writ quashed as to instant issue, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), which held that the simultaneous possession of several types of drugs where the fact of possession occurs at the same time and in the same place, constitutes but one offense of possession. "It is thus our holding that where, as here, there is but a single point of control in time and place over several types of controlled substances, only a single offense has been committed, the offense of possession of controlled substances, and only one sentence is authorized." Vogel, 426 So.2d at 882. We find that the misdemeanor offense of possession of marijuana for personal use and the felony offense of possession of cocaine are separate crimes and, thus, may be separately punished.
The Vogel holding was based upon the constitutional principles of double jeopardy found in U.S. Const. Amend. V and Ala. Const. Art I, § 9, and the explicit language of § 20-2-70(a), prohibiting the possession of controlled substances and making such possession "`a felony' with only one scheme of punishment." Vogel, 426 So.2d at 882 (emphasis in original). "This is merely a crystallization of the familiar principle that, where an `indictment contains... counts charging offenses calling for the same punishment, and relates to a single criminal transaction, only one penalty can be imposed,' Jackson v. State, 249 Ala. 348, 31 So.2d 519 (1947), and cases therein cited." Vogel, 426 So.2d at 879. The Vogel court concluded that "If the legislature had intended to allow ... multiple prosecutions it would have certainly framed this *104 section in language clearly manifesting such intent." Id. at 882. (Emphasis in original.)
In Sears v. State, 479 So.2d 1308 (Ala.Cr. App.1985), this court found that Vogel's prohibition against multiple punishments for the same offense did not apply to the accused, who had been convicted and sentenced for both felony possession of controlled substances under § 20-2-70(a) (diazepam and marijuana) and trafficking in cocaine under § 20-2-80(2), all arising out of the same incident. The Sears court held that because felony possession and trafficking were governed by separate statutes for which the legislature had established different schemes of punishment, they were, for purposes of double jeopardy analysis, separate offenses.
Applying the test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Sears court concluded that although the violations of § 20-2-70(a) and § 20-2-80(2) may have occurred at the same time and in the same place, the acts constituted separate crimes because "each offense has at least one statutory element that the other does not." Sears, 479 So.2d at 1311. See also Darby v. State, [Ms. 8 Div. 181, October 22, 1985] (Ala.Cr.App.1985), opinion extended on rehearing, [May 27, 1986] (Ala.Cr.App.1986); Story v. State, 435 So.2d 1360 (Ala. Cr.App.1982), reversed on other grounds, 435 So.2d 1365 (Ala.1985).
Applying the Blockburger test to felony possession of cocaine and to misdemeanor possession of marijuana, as outlined in § 20-2-70(a), it is apparent that each offense here does not require proof of an element that the other offense does not. Misdemeanor possession of marijuana is established by proof of three elements not required by the felony offense of possession of cocaine: (1) the controlled substance was marijuana; (2) the marijuana was possessed for personal use only; and (3) the possession represented a first-time marijuana offense. See McIntosh v. State, 443 So.2d 1275 (Ala.Cr.App.), reversed on other grounds, Ex parte McIntosh, 443 So.2d 1283 (Ala.1983).
On the other hand, every statutory element of the offense of felony possession of a controlled substance is required in order to prove misdemeanor possession of marijuana. The felony offense requires merely "possess[ion] [of].... controlled substances." Ala.Code § 20-2-70(a) (1975). The same, plus more, is required for proof of possession of marijuana for personal use. It is therefore evident that while the misdemeanor offense requires proof of facts that the felony offense does not, the converse is not true. The Blockburger test is thus not satisfied.
"The test is symmetrical. It is satisfied only if each offense requires proof of elements not required by the other offense(s). Occasionally courts ignore this requirement and misapply the test. See United States v. Herbert, 698 F.2d 981, 985 (9th Cir.) (conspiracy and aiding and abetting separate offenses because only conspiracy requires proof of prior agreement to commit offense; court does not identify any element of aiding and abetting not required by conspiracy), cert. denied, 464 U.S. 821 [104 S.Ct. 87, 78 L.Ed.2d 95] (1983); United States v. Peacock, 654 F.2d 339, 349 (5th Cir.1981) (mail fraud and RICO violations separate offenses because RICO requires proof of additional facts; court does not identify any element of mail fraud not required by RICO), cert. denied, 464 U.S. 965 [104 S.Ct. 404, 78 L.Ed.2d 344] (1983)."
Fifteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1984-85, 74 Geo. L.J. 499, 739 n. 801 (1986).
In Sears, the Blockburger test was not symmetrically applied. On reflection, it appears that while the offense of trafficking in cocaine requires one element which is not required for felony possession of a controlled substance, that being the possession of 28 grams or more of cocaine, the offense of felony possession does not have a statutory element which is not required for a trafficking conviction.
The result in Sears remains correct, however, for the same reason that the sentencing in the case before us is correct. Although *105 neither the offenses at issue in Sears nor the offenses here can be deemed "separate" under Blockburger, multiple punishments for the offenses in both cases are justified based on the intent of the Alabama legislature to impose multiple punishments. "[T]he question under the Double Jeopardy Clause whether punishments are `multiple' is essentially one of legislative intent." Ohio v. Johnson, 467 U.S. 493, 499, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). "The question of what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution." Missouri v. Hunter, 459 U.S. at 368, 103 S.Ct. at 679 (quoting Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981) (emphasis added by the Missouri v. Hunter Court).
The Blockburger test is not a constitutional component of the Fifth Amendment Double Jeopardy Clause, Missouri v. Hunter, 459 U.S. at 368, 103 S.Ct. at 678, but is merely a "`rule of statutory construction', and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." Missouri v. Hunter, 459 U.S. at 367, 103 S.Ct. at 679 (quoting Albernaz v. United States, 450 U.S. at 340, 101 S.Ct. at 1143 (emphasis added by the Missouri v. Hunter Court). The assumption underlying the Blockburger rule is that ordinarily the legislative branch does not intend to punish the same offense twice, Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 1672, 84 L.Ed.2d 740 (1985); Whalen v. United States, 445 U.S. 684, 691-92, 100 S.Ct. 1432, 1437-38, 63 L.Ed.2d 715 (1980). However, here the intent of the legislature was clearly to treat the possession of marijuana for personal use differently from the possession of other controlled substances, see Palmer v. State, 54 Ala.App. 707, 312 So.2d 399, 403 (1975) ("The clear intention of the Legislature of Alabama ... was to provide a lesser punishment for persons found in possession of Marihuana for their personal use on first offense."). For this reason, the Double Jeopardy Clause is not violated by the imposition of multiple punishments, in a single trial, for two drug offenses arising out of the same occurrence. See United States v. Woodward, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985); Ball v. United States, supra; Ohio v. Johnson, supra, Missouri v. Hunter, supra. See also Sears v. State, supra; Story v. State, 435 So.2d 1360 (Ala.Cr.App.1982), reversed on other grounds, 435 So.2d 1365 (Ala. 1983).
In our judgment, Vogel v. State does not prevent multiple punishments for the defendant's conduct because his possession of marijuana for personal use and his possession of cocaine, although occurring at the same time and in the same place, constitute separate offenses.
"In Vogel, the result was dictated by the legislature's failure to explicitly state the unit of the offense; by the violation of a single provision of a statute which imposes no differentiating sentence; and by the consequence that elements of proof would have been the same had the conduct of possession been fragmented to form the basis of a separate charge." Sears v. State, 479 So.2d at 1313.
As it applies to the facts of the case before us, Section 20-2-70(a) does state the unit of the offense, impose a differentiating sentence, and require different elements of proof for the offense of possession of marijuana for personal use. The proviso that "any person who possesses any marihuana for his personal use only is guilty of a misdemeanor and, upon conviction for the offense, shall be imprisoned in the county jail for not more than one year, and in addition, shall be fined not more *106 than $1,000.00," clearly evidences a legislative intent to (1) limit the "unit of the offense" to possession of marijuana which is for personal use only, (2) impose a different sentence from that provided for felony possession of other controlled substances, see Palmer v. State, supra, and (3) allow the defense of "personal use," whose elements of proof are unlike those of any other offense described in § 20-2-70(a). The misdemeanor offense outlined in the statute is clearly directed to a "separate evil" from the felony offenses described in § 20-2-70(a). Compare Ball v. United States, 105 S.Ct. at 1673 (statutes prohibiting receipt of a firearm by a convicted felon and possession of a firearm by a convicted felon not "directed to separate evils") with United States v. Woodward, 105 S.Ct. at 613 (statutes prohibiting the making of a false statement to a governmental agency and the failure to report bringing in large amounts of currency to the U.S. are "directed to separate evils").
Thus, we hold that the legislature intended the misdemeanor possession of marijuana for personal use to be a separate offense from the felony offenses prohibited by § 20-2-70(a). Cumulative punishments for misdemeanor possession of marijuana and felony possession of any other controlled substance[1] are, therefore, allowed.
Because the holding of Vogel is confined to the facts of that case and does not apply in this context, we find that this court's earlier reliance on Vogel to remand the cases of Jerry Leonard Cowart v. State, 488 So.2d 497 (Ala.Cr.App.1985), and Teresa Jane Cowart v. State, 461 So.2d 21 (Ala.Cr.App.1984), for proper sentencing was in error. The Cowarts, husband and wife, were both separately convicted and separately sentenced for possession of fluorazepam, in violation of § 20-2-70(a), and the misdemeanor possession of marijuana for personal use, in violation of § 20-2-70(a). Vogel did not dictate the remand in the Cowart cases and we erred in so holding. We now expressly overrule both cases. We note further that if any of the language in Davis v. State, 471 So.2d 1263 (Ala.Cr.App.1985), conflicts with our holding today, it is hereby disavowed.
The judgment of the circuit court is affirmed.
AFFIRMED.
TAYLOR, PATTERSON, McMILLAN, JJ., concur.
TYSON, J., dissents with opinion.
TYSON, Judge, dissenting.
As noted in the opinion of the majority, Kenneth E. McClendon filed a motion to dismiss, alleging a case of former jeopardy citing this court's opinion in Vogel v. State, 426 So.2d 863 (Ala.Cr.App.1980), affirmed on another ground, writ quashed as to instant issue, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983).
Vogel held that the simultaneous possession of several types of drugs where the fact of possession occurs at the same time and in the same place, constitutes but one offense of possession.
I view the Vogel case as dispositive of the issues presented in this cause and, therefore, respectfully dissent. I am further of the view that the reliance by this court on Vogel in Cowart v. State, 488 So.2d 497 (Ala.Crim.App.1985), and Cowart v. State, 461 So.2d 21 (Ala.Crim.App.1984), which cases were remanded for proper sentencing, was correctly decided.
I, therefore, view the majority opinion as an attempt to overrule the above authorities and for this reason, also, must dissent.
NOTES
[1] Of course, the offense of misdemeanor possession of marijuana for personal use and felony possession of marijuana are not separate offenses. The former is a lesser included offense of the latter. Coleman v. State, 344 So.2d 1249 (Ala.Cr.App.1977). See Sears v. State, 479 So.2d at 1312 n. 2.